## BUFFINGTON vs. COOK.

[ACTION FOR MONEY PAID.]

1. *Error without injury in refusal to suppress deposition.*—The refusal to suppress a deposition on motion is, at most, error without injury, when the record shows that the deposition was not offered in evidence on the trial.

2. *Admissibility of original papers as evidence of record.*—The original papers in a cause are competent evidence, when it does not appear that the final record has been made up.

3. *General objection to evidence.*—A general objection to evidence, a part of which is admissible, may be overruled entirely, since the court is not bound to separate the legal from the illegal portion.

4. *Demurrer to evidence.*—A demurrer to evidence, on issue being joined thereon, is an admission of every fact which the testimony tends to establish, or which might be inferred from the testimony by the jury; and judgment must be rendered accordingly.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Major Cook, against Thomas M. Buffington, to recover a portion of the money paid by the plaintiff on a joint execution against himself and the defendant, in favor of one E. P. Chappell; and was commenced, by original attachment, on the 3d April, 1857. The cause of action in the case of *Chappell v. Cook & Buffington* was the defendants' breach of a contract, by which they sold to said Chappell an interest of three-sixteenths in a steamboat called the *Clara*, and a similar interest in another boat, called the *Champion*, which was to be built partly out of the materials of the *Clara ;* and judgment was rendered against the defendants, on the verdict of a jury, on the 15th December, 1856. The defense set up in this action was, that the contract on which the former action was founded was made between Chappell and Cook alone, and that Buffington had no interest whatever in it. On the trial, as appears from the bill of exceptions, the defendant moved the court to suppress the deposition of one Graham, which had been taken by the plaintiff; and showed to the court, in support of his motion, that he had made the statutory affidavit requiring the personal attendance of the witness. The court refused to suppress the deposition, and the defendant excepted to the refusal; "but said deposition was not offered in evidence on the trial." The plaintiff offered in evidence the original unrecorded papers in the case of *Chappell v. Cook & Buffington,* the judgment therein rendered, the execution, and the several endorsements thereon ; to all which the defendant objected, and reserved exceptions to the overruling of his several objections. "Here the plaintiff rested his case, and the defendant offered no evidence, but demurred to the plaintiff's evidence ; and issue being joined on the demurrer, the court gave judgment thereon for the plaintiff." The several rulings of the court to which exceptions were reserved, and the judgment on the demurrer, are now assigned as error.

GEO. N. STEWART, for appellant.

F. S. BLOUNT, *contra.*

STONE, J.—[1.] The record informs us that the deposition of the witness Graham was not used in evidence on the trial. This being the case, it is clear the court committed no error, available to appellant, in refusing to suppress it.

[2.] It does not appear that any final record had been made in the case of *Chappell v. Cook & Buffington.* There was no error in receiving in evidence what was proved to be the original papers in that cause.—Shep. Dig. 669, § 90.

[3.] A motion was made to exclude from the jury the endorsements on the execution. The motion was to exclude the whole. A part of the endorsement was the sheriff's return of 'satisfied.' That was clearly legal evidence ; and under the rule, if a portion of the testimony was illegal, the court was not bound to separate the legal from the illegal evidence, but might properly overrule the whole motion.—Shep. Dig. 596, § 169.

[4.] Drawing all inferences from the evidence which a jury might or could have drawn, the court could do nothing less than render judgment for the plaintiff.—Shep. Dig. 589, § 69.

Judgment affirmed.