## WATTS *vs.* CLEGG.

[ACTION ON THE CASE FOR DAMAGES, &c.]

1. *Indictment, original of; when admissible evidence.*—In an action of damages for causing the plaintiff to be indicted for perjury, the original indictment is receivable in evidence unless it appears that the final record has been completed.
2. *Same; how may be authenticated.*—It may be authenticated by the verbal testimony of the clerk.
3. *Judgment of acquittal; effect of.*—In such a case, the minute entry of the judgment of acquittal in the prosecution for perjury is not *res inter alios acta.*

APPEAL from the Circuit Court of Clay.
Tried before Hon. CHARLES PELHAM.

The facts are sufficiently stated in the opinion.

TAUL BRADFORD, for appellant.
L. E. PARSONS, *contra.*

B. F. SAFFOLD, J.—The appeal is from a judgment against the appllant, in an action of damages for causing the appellee to be indicted for perjury.

On the trial, the plaintiff was permitted to introduce the original indictment against him for perjury, and to prove by the clerk that it was a record of his court. Without proof that the final record of that prosecution was made up, the original papers were admissible.—*Buffington v. Cook,* 39 Ala. 64; *Calvert v. Marlowe,* 18 Ala. 67; *Barron v. Fort,* 18 Ala. 668. In *Carroll v. Pathkiller,* (3 Porter, 279,) the

clerk was not permitted to testify that a transcript which he had certified as complete, was not so, but that there were other proceedings omitted. The court said the proper way was to obtain a complete transcript. Of course, that is the rule when the final record has been made up. But how else can the papers from which the record is to be made up be verified before? The clerk is their custodian,—the court knows its own officers,—and his certificate to a transcript, with the seal of the court attached, is nothing more than his declaration under his official oath, authenticated in a particular way which is unnecessary in this case. *Baier v. Woodbury*, 1 Pick. 362.

The plaintiff was also permitted to read in evidence the minute entry of the judgment of acquittal in the case of his indictment for perjury. There was no error in this, for the reasons above stated, and, also, because it was evidence to establish the fact of his acquittal, notwithstanding the parties were not the same. In such a case, the record is not *res inter alios acta.*—1 Greenl. Ev. §§ 538, 527. The objections of the defendant to the above rulings of the court were general, not specifying any particular causes,

The judgment is affirmed.