# Wharton *v.* Thomason.

*Action on Promissory Note, by Payee against Maker.*

1. *Account-current of executor; admissibility as evidence against him.* An account-current filed by an executor for final settlement, and verified by his affidavit, in which he charged himself with money collected on a note given for property sold by him, is admissible as evidence against him, in a subsequent action in which the question of payment *vel non* is in issue; and the items relating to that note may be received in evidence, without the other items in the account, when it is not shown that they were relevant to the issue.

2. *Original court papers; admissibility as evidence.*—When it is not shown that a final record of an executor's settlement has been made up, a certified transcript is not required, but the original papers are competent evidence.

3. *Record of final settlement of executor's accounts; admissibility as evidence.*—The record of the final settlement of an executor's accounts is not admissible as evidence for him, in a subsequent action by a third person, who was neither a party nor privy to the settlement.

4. *Implied admission as to indebtedness.*—In an action on a promissory note, issue being joined on a special plea averring that it was left with the maker as collateral security for a debt on which the payee was bound as surety, and that said debt had never been paid; evidence of an interview between the parties, at which defendant admitted his liability on the note, and expressed his readiness to pay it, without any reference to the other debt as unpaid, is competent and admissible for the plaintiff.

5. *Relevancy of evidence on issue of payment vel non.*—On the issue of payment *vel non* of a promissory note, for which the note sued on was pledged as collateral security, evidence as to the consideration of that note is not relevant or admissible.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. LEROY F. BOX.

This action was brought by John F. Thomason, against B. B. Wharton; was founded on the defendant's promissory note under seal for $300, which was dated January 8th, 1866, and payable one day after date, to A. A. Hughes or bearer; and was commenced on the 13th January, 1873. The note was not produced on the trial, but notice to produce it was given to the defendant, in whose hands it had been left at the time it was executed, under circumstances hereinafter stated;

[Wharton v. Thomason.]

and he testified that he could not find it, after diligent search. The defendant pleaded the general issue, and two special pleas, which averred in substance, that the defendant, as the administrator of the estate of William Wharton, deceased, had sold personal property to C. B. Johnson and Mrs. Beard, taking their respective notes for the purchase-money, on each of which A. A. Hughes was surety. dated in November, 1863, and together amounting to $425; that in January, 1866, Hughes being about to remove from the county, defendant went to him, and insisted on a settlement of these notes, or an arrangement by which they might be secured; that thereupon Hughes sold a tract of land to defendant, for which the latter paid $300 cash, and executed the note here sued on for the residue; that this note was then left· in defendant's hands as collateral security for the notes on which Hughes was bound, and with the distinct. understanding that it was not to be paid until those notes were paid; and that said notes had never been paid. A demurrer was interposed to these special pleas, but the record does not show any action upon it; and the judgment-entry recites that the cause was tried on "issues joined."

On the trial, as the bill of exceptions shows, the principal issue was whether or not the notes of Johnson and Mrs. Beard had been paid; and all the assignments of error are based on the rulings of the court below in the admission or rejection of evidence bearing on this point. The opinion states the material facts.

AIKEN & MARTIN, for appellant.

WALDEN & SON, contra.

CLOPTON, J.—The action is brought by appellee, on a note executed by defendant to Hughes, for part of the purchase-money of a tract of land. The note was left with defendant as collateral security for the payment of two notes, made by Johnson and Mrs. Beard respectively, on each of which Hughes was a surety. The note sued on was not to be paid, until the notes of Johnson and Mrs. Beard were paid. The contention was, whether these notes had been paid.

The assignments of error are directed solely to the rulings of the court on the admission and exclusion of evidence. In considering the admissibility of evidence, the inquiry should be directed to its pertinency to the issue, and its tendency to prove any fact material to the case. If it is relevant, and serves to elucidate the issue, it should be admitted, and its sufficiency addressed to the jury. The bill of exceptions does not purport to set forth all the evidence, and all reasonable

[Wharton v. Thomason.]

presumptions will be made in support of the rulings of the court.

The plaintiff offered in evidence certain items contained in what purported to be an account-current, filed by the defendant as the executor of the estate of William Wharton, in the Probate Court, for a final settlement of the estate in 1878, which account was verified by the defendant. The notes of Johnson and Mrs. Beard were given for personal property of the estate, purchased by them respectively, in November, 1863, and the items offered were the sums of cash collected from them on these notes. These statements were an admission by the defendant, that he had collected those amounts, and tended to show, *prima facie*, the payment of the notes to that extent. While the defendant was entitled to have in evidence every thing in the account, which operated to his benefit, the larger portions of the other items, it must be presumed, referred to matters not relating to the case, and would have been irrelevant, if offered by the plaintiff. Under such circumstances, the plaintiff was not obliged to offer the entire account, but only such parts as were relevant. If there were any other parts, which the defendant supposed were beneficial to him, he had the right to offer them.

The absence of "Exhibit A," to which reference is made as part of the account, could not have injured the defendant. It shows that the note of Johnson had been sued on, and the amount scaled. Its tendency is to prove, that the sum admitted to be collected was in payment of the amount due on the note, as judicially ascertained. Besides, the judgment obtained on the note of Johnson was introduced, and is higher evidence of the recovery than "Exhibit A." It does not appear that a final record of the settlement of the estate and the account-current has been made up; and in such case the original papers are competent evidence, and a certified transcript is not required.—*Buffington v. Cook*, 39 Ala. 64.

Whether the account-current was or was not the original paper, the signature of the defendant to the affidavit verifying its correctness having been proved, it was competent evidence against him, as an admission of the sums paid on the notes.

The proceedings and judgments of courts of record are admissible as evidence only between parties and privies, except for the mere purpose of proving the existence or rendition of the judgment. Neither the plaintiff nor Hughes was a party to the final settlement, nor a privy. The proceedings and orders on the final settlement of the defendant, as executor, were as to the plaintiff *res inter alios actæ*, and inadmissible as evidence in favor of the defendant.

There is no error in admitting the interviews between plaintiff

[Milhous v. Dunham.]

and defendant in 1870. They tended to show that the defendant admitted his liability, and expressed his readiness to pay the note sued on, when he could procure the papers by which to ascertain the amount due, without interposing any objection that the notes of Johnson and Mrs. Beard had not been paid.

Mrs. Beard testified, that she had not paid her note to the defendant, or any part of it, but that she paid it to her surety, Hughes. By the agreement with Hughes, the note sued on was not to be paid until her note was paid. Whether Hughes had accounted for it to the defendant, was a question to be determined by the jury on the whole evidence. Neither the consideration of her note, nor the amount for which she was legally liable, is an issue that can be tried on the pleadings in this case. The issue is, Has the note been paid, either in full, or by acceptance of a less sum in satisfaction ? for it does not appear that there had been any adjudication of the amount due. On the issue of payment, evidence of the property purchased by her at the sale, and its value, is, *prima facie*, irrelevant and inadmissible. No evidence should be admitted, which does not tend, directly or by reasonable inference, to prove or disprove the matter in issue.

Reversed and remanded.