# Duncan v. Freeman.

## Action on Promissory Note.

1. *Ruling on objection to question; when need not be considered on appeal.*—Where a question is not patently illegal and irrelevant, the action of the trial court in overruling a general objection to it, no ground of objection being stated, will not be considered on appeal.

2. *Original court papers; when not proper evidence.*—When the final

record of a case has been made up, it, and not the original papers in the case, is the proper evidence to establish what the record contains.

3. *Harmless error in excluding evidence of admitted fact.*—It is error without injury to reject competent evidence of a fact which has been admitted.

4. *Relevancy of evidence on issue as to whether married woman signed note as surety for her husband, or for herself.*—On an issue as to whether a married woman signed a note, made by her and her husband, as the surety for her husband, or for herself, it was shown that an instrument bearing the same date as the note, signed by her husband, consenting that she might engage in any lawful trade or business as if she was a *femme sole* or unmarried, was recorded in the Probate Court shortly after the date of the note. *Held,* that it was competent for her to state that she did not know of such consent by her husband when she signed the note.

5. *Ratification by married woman of contract not originally binding on her.*—A married woman can not ratify a contract she did not legally enter into, so as to make it binding on her, under the statute (Code, § 2346), without complying in the ratification with the same statutory requirements as are imposed for entering into the contract itself.

6. *Misleading charge may be refused.*—It is not a reversible error to refuse to give a charge which is misleading in giving undue prominence to a part of the evidence.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. N. D. DENSON.

The three written charges referred to in the opinion were as follows: (1) "If the jury believe from the evidence that Mrs. M. A. Freeman replevied the goods sold by Douglass & Duncan, and further, if they believe from the evidence that she rented a storehouse in which these goods or any part of them were sold by her, or for her benefit, then these are circumstances which the jury may consider to ascertain whether she ratified said contract of sale of said goods." (2) "If the jury believe from the evidence that the defendant, M. A. Freeman, ratified and confirmed said sale, they must find a verdict for the plaintiff against her as well as the other defendant." (3) "The jury may look at the recitals in the mortgage given to secure the payment of the note sued on, to ascertain whether said note was the debt of the defendant, M. A. Freeman." The plaintiff separately excepted to the refusal of the court to give each of the foregoing charges.

J. M. CHILTON and THOS. L. BULGER, for appellant.

P. O. STEVENS and JOHN A. TERRILL, *contra*.

HARALSON, J.—The note sued on represents the purchase price of a stock of goods sold by the firm of Douglass & Duncan, of which firm, the plaintiff, E. P. Duncan, was a member. Besides the general issue, the defendants pleaded payment. The defendant, Mrs. M. A. Freeman, pleaded a special plea, setting up that she was a married woman, the wife of J. A. Freeman,—the other defendant,—when the note was given, and she signed it as surety for her husband, and that she owed the plaintiff nothing at the time. To this special plea, the plaintiff filed a replication, in which he admitted the coverture as alleged, but averred that the note was Mrs. Freeman's own contract, and was entered into with the written consent of her husband, the said J. A. Freeman. The case was tried on issue joined on this replication. There was judgment in favor of plaintiff against the defendant J. A. Freeman, for $896.32, but against plaintiff, in favor of the wife, Mrs. Freeman. The husband testified, that the trade for the purchase of the goods was his own, and his wife had no concern in it; that the price of the goods had been agreed on, and an inventory taken, before he said anything to his wife about her assisting him; that he and his wife executed the note, and gave a mortgage on her lands to secure it; that plaintiff had sold some of the land embraced in the mortgage, and had bid it off for himself at $1,000, and that he had paid, in money and merchandise, $316.66. Mrs. Freeman testified, that she had nothing to do with the purchase of the goods; had never conferred with Douglass and Duncan on the subject, and never authorized her husband to buy them; that her husband said he was going to buy the goods and needed some help, and would have to give a mortgage on his crops; that she signed the note and mortgage, not knowing that her land was embraced in it; that her husband told her it was a mortgage on the crops. It was shown by her, too, that she could read and write. The note and mortgage were introduced in evidence by the plaintiff. The mortgage was on real estate only. Its recital in the beginning, as to its consideration, is, "Whereas Mrs. M.

A. Freeman am justly indebted," and concludes with the provision, that any balance of the proceeds of the mortgaged property which may remain after paying the debts, shall be paid over "to Mrs. M. A. Freeman, her agent or attorney." The plaintiff also testified, that he had only received $170 on the note; the defendant J. A. Freeman came to him and his partner, and proposed to buy the stock of goods for the price expressed in the amount of the note sued on, and they refused to sell them to him, but stated that they would sell them to his wife, and they had no conversation with Mrs. Freeman on the subject.

It appears that one C. J. Jackson sued out an attachment against Mrs. Freeman, and her husband, and had it levied on the goods in question. On the cross-examination of Mrs. Freeman, she was asked by the plaintiff,—"Did you not replevy the goods in May, 1893, at the time C. J. Jackson had them attached?" This question was objected to, the objection overruled, and plaintiff excepted. The objection was general, not showing the grounds of objection. It was not patently illegal and irrelevant, and we will not consider the exception.

The plaintiff offered to introduce the final record of said attachment suit, between said C. J. Jackson and M. A. and J. A. Freeman, which had been tried and determined by said circuit court, at a former term,—the same court in which this case was being tried,—for the purpose of showing that Mrs. M. A. Freeman did replevy said goods, and take them in her possession. The defendant objected, on the ground that the original papers and replevy bond were not produced. The objection was sustained. As for the ground on which the objection was sustained, the ruling was erroneous. It appears, the final record had been made up, and it, and not the original papers in the case, was the legal evidence to establish what the record contained. *Watts v. Clegg,* 48 Ala. 561; *Buffington v. Cook,* 39 Ala. 64; *Wharton v. Thomas,* 78 Ala. 45. But, admitting the relevancy and legality of the proof offered, it was error without injury, since W. S. Thomas, the father of Mrs. Freeman, testifying as a witness for her, testified on his cross-examination by defendant, "that when C. J. Jackson attached the goods in May, 1893, Mrs.

[Duncan v. Freeman.]

M. A. Freeman replevied them ;'' and it is stated in the abstract, immediately following, that "there was no testimony contradictory to this, and it was not controverted by the defendants." The ruling is justified on the ground that evidence to establish a fact that is admitted may be rejected as useless.

The plaintiff offered in evidence a writing signed by the husband, J. A. Freeman, on the first day of September, 1892, the date of the note sued on in this case, that his wife, M. A. Freeman, might "engage in, enter into, and prosecute any lawful trade or business, in said county as if she were a *femme sole* or unmarried," which was filed in the office of the Probate Court, on the 4th October, 1892, and duly recorded therein, on the 15th of the same month. There does not appear to have been any objection raised to the introduction of this paper. Mrs. Freeman was then asked as a witness for herself: "If she knew anything about the paper copied above, and if it was executed and filed at her request or with her knowledge or consent?" Plaintiff objected to the question because it was irrelevant, " in that the law does not require the wife's knowledge or consent." The court overruled the objection, and allowed her to answer that she did not. The replication, on which issue was joined, to the special plea of Mrs. Freeman,—in which she set up that she was a married woman when the note was given, and signed it as surety for her husband, and owed plaintiff nothing at the time—admitted her coverture as alleged in her plea, but averred that the note was her own contract, and was entered into with the written consent of her husband, the said J. A. Freeman. The written consent of the husband, which was introduced in evidence without objection, bore, as has been seen, the same date of the note sued on and the mortgage to secure it, both of which were executed jointly by the husband and wife. There was also evidence in the case tending to show that she purchased the goods on her own account, and give this note for them. The issue being, whether she signed the note as the surety of her husband, or for herself, with his written consent, as implied by his signature to the note, the evident purpose of the introduction of the said writing of the husband in which he gave his consent for his wife to ingage in, and enter into any lawful trade or business, was to

show that the note was hers ; that the paper was executed and filed preparatory to her doing so, and that the goods were bought by her for such purpose, for which she executed said note, not as surety for her husband, but for herself, with his consent. This she denied, and it was competent for her to prove, that when she executed said note, she knew nothing of the said written consent of her husband. If the written consent was offered as tending to show that she executed the note for herself, it was certainly competent for her to deny she knew of such consent when she executed it.

The first and third charges requested for the plaintiff and refused, are misleading, if not otherwise incorrect, in giving undue prominence to a part of the evidence.—*Wilkins v. The State*, 98 Ala. 8. The first is subject to the further vice of assuming that a mar.ed woman may ratify a contract she did not legally enter into, so as to make it binding on her, under the statute (Code § 2346), without complying in the ratification with the same statutory requirements as are imposed for entering into the contract itself. A ratification by a wife, to be binding, must be executed in the manner required to make the original contract itself binding.— *Draper, Mathias & Co. v. Clements*, at present term.

The second charge requested ignores the plea and proof of payment, and on that account is not insisted on by appellant.

We find no error in the record, and the judgment below is affirmed.