## SHULTZ AND HADDEN *v.* J. W. PAYNE.

Where an undated bill, endorsed for accommodation of drawer, and, to enable him to use it in trade, has been deposited as collateral security, the law does not fix its date at the time of its delivery, but the holder may fix it at the time when, according to agreement, he is entitled to use the bill.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Wolfe* and *Singleton*, for plaintiffs. The mere fact that *Payne* intrusted *Lamme* with the bills, without date, was a full authorization to him to fill the blanks with any date he pleased, and the plaintiffs enjoyed the same right.

"If endorsers commit a promissory note to the maker, with a blank for the date, they thereby authorize him to fill the blank with what date he pleases." See *Mitchell* v. *Culver*, 7 Cowen R. 336. *Mechanics and Farmers' Bank* v. *Schuyler*, 7 Cowen, 337.

The case then narrows itself down to this : *Payne* endorsed *Lamme's* bills, and *Lamme* goes into the market and negotiates them, for his own uses. It being known that *Payne* was a wealthy man, his name in *Lamme's* hands was equal to so much cash ; he thereby obtained a credit he did not otherwise enjoy. Will the Supreme Court of our State say, that, in the commercial community of New Orleans, a person, under these circumstances, can repudiate his name and his obligation ? We say, no. The judge of the district court thought, that when a merchant endorses a bill of exchange, and put it upon the market, he should pay it, when legally notified of its dishonor.

*Benjamin* and *Micou*, for defendant. These bills were delivered to the plaintiffs in May. At that time the plaintiffs gave value in credits to *Lamme*, and became, according to the usages of commerce, the holders and owners of the bills. But, it is the well settled principle of law, that the date is not essential to the validity of a bill or note, and that, in the absence of a date, the date of issue may be proved *aliunde*, and that date is regarded as the date of the bill. Smith's Mercantile Law, 171. Story on Notes, § 45. Chitty on bills, 148, 10th Am. ed. Story on Notes, 186, 195.

The legal effect of the delivery of these bills to the plaintiffs, on the —— May, was, therefore, to give them that date. From the moment of their delivery the obligation of the defendant became fixed and complete, and the bills, from mere projects, became valid and binding contracts. Now, let us suppose that the drawer had filled up this date as of the —— May, and then altered the term by striking out thirty, and inserting one hundred and twenty days. Can it admit of a doubt that the endorsee would have been released?

But, whether the burthen is made more onerous or not, the endorsee is equally released. He is surety, and may stand upon the letter of his contract. Any alteration in its terms releases him, even if the court should think the alteration made the contract less onerous to the principal. *Roman, Governor*, v. *Peters*, 2 R. R. 479. *McGuire* v. *Wooldridge*, 6 R. R. 47. Theobald on Agency, 76. *Miller* v. *Stewart*, 9 Wheat. 680.

By the court :

EUSTIS, C. J. The defendant is sued as endorser on certain bills of exchange. Judgment was rendered against him for the sum of $4941, with interest and damages, being the balance due on them to the plaintiffs. From this judgment the defendant has appealed.

The plaintiffs, merchants in New Orleans, are the holders of the bills for a valuable consideration, having received them as a security against loss, by reason of advances made by them on certain shipments or purchases to be made by *D. L. Lamme*, and consigned to their friends in Cincinnati. The plaintiffs, having taken these bills in the usual course of business, it is indifferent to their rights whether the defendant was an accommodation endorser or not. The endorsement of *Payne*, we must presume, was for the purpose of giving credit to the bills, and to enable the drawer to use them for any lawful purpose of trade. There is no evidence, relative to the endorsement, as of any circumstances under which it was given. *Vide Matthews, Finley & Co.* v *Rutherford*, 7th Ann. 225.

The bills were on the drawer's house, in St. Louis. *Lamme* was the drawer, acceptor, and payee of the bills, which were without date. They were drawn in New Orleans, and handed to the plaintiffs in May last.

In August, when the result of the transactions between the plaintiffs and *Lamme* was ascertained by the returns to the shipments, the plaintiffs' clerk

SHULTZ
v.
PAYNE.

called on the defendant to fill up the dates. On his refusal, the clerk, having communicated to the defendant the result of the accounts between the parties, and of the necessity of using the bills, filled up the blank of the dates with the 26th of August. The bills were forwarded to St. Louis, and returned under protest, of which the defendant had notice.

It is contended that the delivery of the bills to the plaintiffs, on the 5th of May, gave them that date, and, they being payable at thirty days after date, the dating them subsequently in August released the endorsor.

The right of the plaintiffs to give the bills what date they pleased, cannot be contested. They bound themselves not to use the bills except to meet their own acceptances in favor of *Lamme*, which the bills were given to secure. When the necessity for their being negotiated arose, it was a proper time to affix the dates to the bills.

The judgment of the district court is affirmed, with costs.