H. H. SAWYER, Appellant, v. DANIEL J. KELLY and JOHN
A. MAGOUN, JR.

**Evidence:** FAILURE TO ANSWER: PLEADINGS: ADMISSIONS. Failure of
a defendant to answer the allegations of a petition does not con-
stitute an admission of the truth of the allegations, which is avail-
able in another action, unless such failure was made the basis of
a default judgment; and in this action failure to answer the
petition, which was dismissed before the expiration of the time
for answer, was not such an admission.

**Judgments:** CONCLUSIVENESS. A judgment in an action against a
defendant therein is not evidence of the truth of the allegations
of the petition, which can be relied upon in another action by a
stranger to the judgment.

**Intoxicating liquors:** DISMISSAL OF ACTION: NOTICE TO COUNTY AT-
TORNEY. Failure to notify the county attorney of a motion to
dismiss an action brought by a citizen to restrain the illegal sale
of liquor will not render an order of dismissal invalid, in the
sense that it may be collaterally attacked in a wholly independent
action; as the requirement of such notice is not jurisdictional the
act of the court in dismissing the action without notice is erro-
neous merely. So that an erroneous dismissal of an action thus
made can not be urged as a ground of the invalidity of a re-
newal of consent to the sale of intoxicating liquors given the as-
signee of a defendant, against whom such action was dismissed.

**Same:** DISMISSAL OF ACTION: FRAUD: CONSENT TO THE SALE OF LIQUOR:
VALIDITY. In this action to enjoin the sale of intoxicating liquors
the evidence is held insufficient to establish fraud or collusion by
the transferee of a liquor dealer, who received a renewal of
consent from the city council, in procuring the dismissal of a
suit, so as to render the dismissal invalid, thereby invalidating
the consent granted him by the city council.

*Appeal from Woodbury District Court.*—HON. WM.
HUTCHINSON, Judge.

WEDNESDAY, OCTOBER 19, 1910.

ACTION in equity to enjoin defendant Kelly from selling intoxicating liquors, and to enjoin defendant Magoun from allowing his premises to be used as a place for carrying on such business. There was a decree for defendants, and plaintiff appeals.—*Affirmed.*

*John F. Joseph,* for appellant.

*Sullivan & Griffin,* for appellees.

McCLAIN, J.—On October 13, 1909, under a resolution of consent therefor passed by the city council of Sioux City, defendant Kelly purchased and went into possession of a saloon business in said city as successor to one O'Conner, who had previously been running a saloon under a like resolution of consent on premises owned by defendant Magoun. Defendant Kelly has continued in the business until the present time, and has conducted the business in accordance with the law. At least there is nothing in the evidence to indicate any failure on his part in this respect. But it is contended that he acquired no right to engage in the business for the reason that the council had no authority to grant him consent when it attempted to do so, inasmuch as that at that time the number of saloons being operated in the city by the consent of the council exceeded one for every one thousand of the population of said city, and therefore the granting of consent to maintain another saloon was in violation of the provisions of. chapter 142, Acts 33d General Assembly. It is contended for the defendants, however, that the authority which the council attempted to exercise was within the exception to the statute found in section 2 thereof, authorizing renewals of consent to persons to whom such consent may have been granted and to their assignees or grantees, unless the existing resolution of consent in favor of any such person shall have become "inoperative by reason

of the person holding the same violating any of the laws of the state, either civil or criminal, relating to the sale or disposition of intoxicating liquors, or by reason of a permanent injunction issuing against such person for a violation of law, or by reason of a civil or criminal action being commenced or instituted against such person for the violation of any of the laws of the state relating to the sale or disposition of intoxicating liquors, and said person surrendering such resolution of consent before said action is prosecuted to a final judgment or a conviction had in the court in which the same was instituted."

At the time of the actual transfer by O'Conner to defendant Kelly, no injunction had been granted against O'Conner for violation of the law in conducting such business, and no proceeding for an injunction was then pending against him; but it appears that in the preceding August a civil action for an injunction to restrain said O'Conner from continuing to carry on such business, on the ground that his business had been conducted in violation of the law, was instituted by one White as plaintiff, in which action it was also asked that defendant Magoun be enjoined from allowing his premises to be used for such purposes, and that this action was pending until October 12th, the day preceding the sale and transfer of the business to defendant Kelly, when such proceeding was at the request of counsel for plaintiff therein dismissed by the court without prejudice to said plaintiff's future right of action for said cause.

The contention for appellant is that the consent granted by the city council to defendant Kelly was invalid and without authority for the reason, first, that O'Conner who transferred the business to him had violated the law as to the sale of intoxicating liquors; second, that there was a pending suit for an injunction against O'Conner, the dismissal of which by the court was void for failure to give to the county attorney notice of the motion for such

, dismissal as required by chapter 82, Acts 30th General Assembly (see Code Supp. 1907, section 2406) ; and, third, that the dismissal of the action was collusive and fraudulent for the purpose of aiding defendant Kelly to illegally procure the resolution of consent from the city council authorizing him to conduct the business.

I.    There is nothing in the record to show that O'Conner had violated any law of the state relating to the sale of intoxicating liquors, thus rendering the resolution of consent which had been adopted by the council in his favor inoperative. The only claim in this respect is that in the petition for an injunction against him filed in August preceding the transfer of the business it was alleged that he was using the premises described as a place for the sale of intoxicating liquors, contrary to law, and that this allegation had never been denied. But it appears that while Magoun, a joint defendant in that action, had denied such allegations in his answer filed in September, O'Conner had not been served with notice in such time as to require an answer from him prior to the date of the dismissal of the suit. It is plain, therefore, that his failure to answer prior to such dismissal did not constitute any admission of the truth of the allegations. Indeed, it is elementary that, even as against the defendant himself, the failure to answer the allegations in a petition does not constitute an admission of their truth available in another action, unless the failure to answer has been made the basis of a judgment by default.

1. EVIDENCE: failure to answer: pleadings: admissions. .

It is also elementary that a judgment in one action against a defendant therein does not constitute available evidence of the truth of the allegations of the petition which may be relied upon by a party in another action, a stranger to the judgment rendered. Nothing is shown, therefore, with reference to O'Conner's violation of the law which would

2. JUDGMENTS: conclusiveness.

render inoperative the consent which the council had previously granted to him.

II.   Failure to notify the county attorney of the motion to dismiss the injunction proceedings against O'Conner clearly would not render invalid the order of dismissal which

3. INTOXICATING LIQUORS: dismissal of action: notice to county attorney.

was entered by the court on the application of the plaintiff in the action.   The provision of the statute already cited is that such an action "when brought by a citizen shall not be dismissed upon motion of either the plaintiff or defendant, until the county attorney has been notified in writing of the filing of such motion, and until such county attorney shall have made a personal investigation," and reported to the court his recommendation with reference to the disposition of the case.   The judge who ordered the dismissal no doubt erred in sustaining the motion without such notice to the county attorney and opportunity given him to make an investigation and report thereon, but plainly the court was not without jurisdiction to enter the dismissal notwithstanding this error.   By moving to set aside the dismissal, the plaintiff in that action could no doubt have had it reinstated, but there is nothing in the statute nor in the rules of law applicable to similar regulations regarding the forms of procedure to justify us in holding that such judgment formally entered by a court having jurisdiction to act is void in such sense that it may be collaterally impeached in a wholly independent proceeding.   It may be that, had the dismissal been set aside, Kelly, claiming a right dependent on his succession to O'Conner, would have been bound by such action; but in this wholly independent suit, in which Kelly is charged with maintaining a place for the sale of liquors in violation of the law, it is certainly not competent to prove that the county attorney had no notice of the motion to dismiss the action against O'Conner for the purpose of showing that there was a pending proceeding against O'Conner which rendered in-

valid the consent given by the city council to Kelly.. There is a manifest distinction between the jurisdiction of a court to render a judgment and its right to do so. If the court had authority to proceed to determine whether the action against O'Conner should be dismissed, its order of dismissal was invulnerable to collateral attack, although erroneous by reason of improper forms of procedure. *Geyer v. Douglass,* 85 Iowa, 93; *Sigmond v. Bebber,* 104 Iowa, 431; Freeman on Judgments (4th Ed.) section 135.

III.   To make effective any claim that the order, of dismissal of the action against O'Conner was ineffectual as to Kelly on account of fraud or collusion in such sense as to render invalid the consent granted to him by the city council, it must appear that he was in some way a party to such collusion and fraud. The circumstances attending the dismissal seem to have been briefly these: While the action against O'Conner was pending, one Fribourg, as attorney for a creditor of O'Conner, instituted proceedings against him by attachment to enforce the payment of his claim. O'Conner protested that he was going out of business, and could make a sale which would enable him to satisfy his debt, if the action for an injunction were out of the way, so that the purchaser from him could secure consent from the city council for carrying on the business. Thereupon Fribourg explained the situation to Collier, the attorney for the plaintiff in the action for an injunction against O'Conner, and represented to Collier that O'Conner was quitting the business, and the action might properly be dismissed. Fribourg also represented to the judge who was then holding the district court in the county that O'Conner was going out of business, and subsequently Collier filed a motion in behalf of his client for such dismissal, and appeared before the judge acquiescing in Fribourg's representation that there was no longer occasion to proceed against O'Conner;

4. SAME: dismissal of action: fraud: consent to the sale of liquor: validity.

and the entry of dismissal was thereupon made. The only knowledge which defendant Kelly is shown to have had in regard to the matter was that there was an action pending against O'Conner, and he refused to proceed with the purchase of the business from O'Conner, unless such action was dismissed. The order of dismissal was entered before he paid any part of the purchase price or received a bill of sale for the business, and before he went into possession. The resolution of consent to the conducting of the business by Kelly was passed by the city council after the dismissal of the action by the court, and before Kelly paid the purchase price or entered into possession. Defendant Kelly was not chargeable with any knowledge which Fribourg may have had as to the purpose for which the dismissal was procured; for Fribourg was not Kelly's attorney, and was not acting for him in any capacity, save that Kelly intrusted the purchase price to Fribourg, with the condition that it should be applied to the satisfaction of O'Conner's debt, and the balance turned over to O'Conner only in the event that the action against O'Conner was dismissed. As to Fribourg, it can not be said that he was guilty of any collusion, for his sole interest and responsibility as to any of the parties was to secure the payment of the purchase price from Kelly in order to realize on the claim which he represented as against O'Conner.

As to Collier, nothing which he did or omitted to do is chargeable by way of collusion to Kelly. Whatever may have been his fault, if any, in not notifying the county attorney of his motion, and explaining to the court the purpose of the dismissal, it is plain that such fault would not be chargeable to Kelly, who was without notice thereof.

We reach the conclusion that, so far as it appears from the record, the consent granted to Kelly by the city council was valid, and that he had therefore been lawfully conducting the business of selling intoxicating liquors.

We find no occasion for discussing the situation of defendant Magoun. As the owner of the premises, he could not properly be enjoined in this action for continuing to permit them to be used by his codefendant Kelly; it not appearing that such use by Kelly was unlawful.

The decree of the trial court is therefore *affirmed*.