## Remedial Plan v. Ott.

(Decided May 11, 1923.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Bills and Notes—Promissory Note Contained in Instrument Also Containing Order and Chattel Mortgage Held Negotiable.—Where a written instrument contained all the elements of a negotiable instrument as defined by Ky. Stats., section 3720b, and also contained an order for goods and an agreement to hold the goods as security for payment of the note, which was in effect a chattel mortgage, the instrument was negotiable, if the portion constituting the note was complete and regular on its face.

2. Bills and Notes—Note in Which Blank for Due Date is Unfilled is Incomplete on its Face—"Complete and Regular"—"Holder in Due Course."—A note in which the blank after the word "ten" in the provision fixing time for payment was not filled was incomplete and irregular on its face, so that an indorsee thereof before maturity was not a holder in due course, to constitute which the instrument must be complete and regular on its face at the time it is accepted, under Ky. Stats., section 3720b, subsec. 52, subd. 1.

WM. F. CLARKE, Jr., for appellant.

BRUCE, BULLITT & GORDON and LEO T. WOLFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The negotiability of the instrument sued on by appellant, Remedial Plan, incorporated, is the only question to be determined by this appeal. It reads:

"LABOR SAVING APPLIANCE COMPANY, Incorporated.
   "Office and Showroom, 309 Guthrie Street,
              Louisville, Ky.  Both phones.

                Date Sept. 21, 1920.

   "Please deliver to me the following subject to the
conditions specified below:

| | |
|---|---|
| 1—Model B. Frigidaire White | $630.00 |
| Frt. & Haul | 20.00 |
| Installation | 30.00 |
| | $680.00 |

                     "Louisville, Ky., Sept. 21, 1920.

   "Within ten — after date in ten equal payments as
herein provided, for value received, the undersigned
jointly and severally promises to pay to the Labor Sav-
ing Appliance Company or order the sum of five hun-
dred dollars ($500.00) negotiable and payable at the office
of said company in the city of Louisville, Kentucky.  The
makers and endorsers agree to pay the above obligation
in 10 installments of 54.00 dollars ($54.00) each, begin-
ning on the 21 day of October after the date hereon and
continuing such payments until this entire indebtedness
shall have been paid, in full, and should default be made
in any one or more of the said payments, the undersigned
agrees to return above material to the company, or its
assigns on demand.  The undersigned further agree to
take good care of the above named articles and be re-
sponsible for its loss by theft, fire or other casualty, and
not to move it from 4554 S. Third St., Louisville, unless
undersigned first obtains written consent from said com-
pany, or its assigns.  It is understood and agreed that
no other agreement or guaranty, verbal or written, ex-
press or implied, shall limit or qualify the terms of this
contract.
                     "Signed, ALFRED W. OTT,
                                Customer.
                     Salesman, J. HARRY IVES.

"Accepted 9/23/1920.
By Labor Savings Appliances Co.
By J. Harry Ives."

   The refrigerator outfit mentioned in the foregoing
instrument was not delivered or installed.  Instead the
vendors went into bankruptcy very soon after receiving
the writing.  Before this happened, however, the paper

was indorsed before due by Labor Saving Appliance Company, payee, and transferred as collateral to appellant, a concern organized for and engaged in negotiating and dealing in commercial instruments. This indorsement, according to the averments of the petition, was placed on it about September 25, 1920, only four (4) days after the execution of the paper.

In this paper are three obligations:

(a)   An order for merchandise;
(b)   A negotiable promissory note, and
(c)   A chattel mortgage or hypothecation.

Appellant insists that inasmuch as the instrument contains a complete promissory note error was committed by the trial court in dismissing its petition, and for this error it says the judgment should be reversed.

Appellee asserts that the instrument which is the basis of this action is not, according to its face, payable on demand or at a fixed or determinable future time, and is not a negotiable instrument when, measured by subsections 1 and 7 of section 3720b, Kentucky Statutes; that appellant was not a holder in due course because on its face the instrument was not complete and regular. 3720b, subsections 52 and 57, Kentucky Statutes. The instrument was never indorsed nor delivered to appellant; and further that the instrument is not negotiable because it contains a condition.

The first subsection of section 3720b, Kentucky Statutes, reads:

"An instrument to be negotiated must conform to the following requirements:

"(1)   It must be in writing and signed by the maker or drawer.

"(2)   Must contain an unconditional promise or order to pay a sum certain in money.

"(3)   Must be payable on demand or at a fixed or determinable future time.

"(4)   Must be payable to the order of a specified person or to bearer."

Measured by the statute, we think the instrument possesses all the elements of negotiability, unless it can be said that it is irregular and incomplete on its face, for it is in writing signed by the maker, it contains an unconditional promise to pay a sum certain in money to a specified corporation, partly at a fixed time and partly without date. Appellee assails this position asserting

that the instrument is not definite and certain as to its due date which is one of the essentials, as we have seen, of negotiable paper. This contention rests upon the failure of the instrument to employ the word "months" after the words "within ten," so as to make it read "Within ten months after date," etc. Perhaps the parties to the instrument intended to make the instrument fall due monthly from and after September 21, 1920, the date of the writing, as alleged in the petition, but by oversight or mistake did not do so. If, as there provided, an instrument without a due date is payable on demand appellant argues that the instrument under consideration, if not due in monthly installments from and after September 21, 1920, is due and payable on October 21, 1920, at least as to the first installment, which is definite, and the balance is due and payable on demand on or after that date, there being no date fixed for payment. If an instrument containing the other essentials, omits the date of payment altogether is yet negotiable because deemed payable on demand, appellant insists that no reason exists why the paper sued on which is definite and certain as to one installment but which has no due date as to succeeding installments, should not be held to be negotiable.

To constitute one a holder in due course, the instrument must be complete and regular on its face at the time it is accepted. Art. 1 of subsection 51 of section 3720b Kentucky Statutes. A holder in due course may sue thereon in his own name and is not required to meet defenses existing between the original parties; but one who is not a holder in due course does not have this protection. If the instrument under consideration was incomplete or irregular on its face at the time it was received by appellant as collateral to another note, appellant was not a holder in due course and cannot maintain this action except subject to such defense as existed between the original parties. As will be observed by a glance at the instrument copied above, the negotiable part thereof begins "Within ten —." Probably the parties intended to fill the blank with the word "months," but failed to do so. The instrument was therefor incomplete as well as irregular on its face. Being so, appellant was not a holder in due course at the time of the institution of this action. In other words, appellant took the instrument subject to all defenses existing between the parties. "The negotiable instruments law," says 8

Corpus Juris, p. 475, "expressly provides that a holder, in order to be a holder in due course, must have taken the instrument when complete and regular on its face . . . and that the instrument is complete, where it includes all the matters necessary to be contained, therein, according to the rules laid down by the negotiable instruments law in order to render the instrument negotiable as hereinbefore referred to. For instance, it has been held . . . a holder of a note payable 'four —' after date is not a holder in due course, where the blank has not been filled in, since the instrument is not complete and regular upon its face." This text is supported by the opinion in the case of Re Philpott, 169 Iowa 555, 151 N. W. 825. In the course of the opinion in the Philpott case it is said:

"It does not appear therein whether it was to become payable in four days, four months, or four years . . . This note was not 'complete and regular' upon its face. It indicated upon its face that some word had been omitted in an attempted specification of the time of payment: If it were made to appear that the real contract between the parties was that the note should be payable in four months, or four years, the instrument was reformable in equity at the suit of either party. This would not destroy the validity of the note, but it would destroy its negotiability until such reformation was had."

It cannot be said that the instrument which is the basis of this litigation is regular and complete on its face. Being irregular and incomplete on its face, appellant Remedial Plan was not a holder in due course, and the instrument sued on is subject to all the defenses which existed between Ott, the maker, and the Labor Saving Appliance Company, to whom the instrument was made payable.

For this reason the judgment is affirmed.