Paschke, Respondent, vs. Stoller, Appellant.

*February 9—March 9, 1926.*

*Bills and notes: Blank spaces: Authority of holder: Judgment: In action between other parties: Use as evidence: Best evidence: Oral testimony as to contents of bank ledgers: Transactions with deceased persons: Payment of note to bank: Rights of third person claiming to own note.*

1. In an action on a note in which the name of the payee had been left blank and which had been placed by a bank cashier, since deceased, in an envelope marked with plaintiff's name, the admission in evidence of an order of the court, in a proceeding to which defendant was not a party, declaring that the note was the property of the plaintiff, was prejudicial error.   p. 350.

2. Permitting a witness to testify, over objection, as to the contents of the bank ledger, which could have been produced but was not, was error.   p. 351.

3. Interrogations put to the plaintiff on behalf of the defendant maker of the note which related only to statements claimed to have been made by plaintiff to others since the death of the bank cashier did not allow the plaintiff to testify as to transactions with the deceased cashier on the theory that defendant had opened such subject.   p. 351.

4. Defendant, being possessed of funds which he had permitted a bank to loan for him and which were not available for use, was told by the cashier that the bank would let him have $1,000, and he thereupon executed his six-months note, the name of the payee being left blank.   Later he withdrew all his funds from the bank except a sum sufficient to pay the note and another obligation, and after the bank failed the

Paschke v. Stoller, 189 Wis. 348.

original note was found with a memorandum that it belonged to plaintiff. *Held,* that defendant was liable on the note only to the bank and has discharged such liability by payment. p. 352.

5. If the maker of a note authorizes a bank to insert the name of a payee other than the bank, such authority must be exercised within a reasonable time, under sec. 116.18, Stats. p. 352.

APPEAL from a judgment of the circuit court for. Clark county: E. W. CROSBY, Circuit Judge. *Reversed.*

Action on a promissory note for $1,000 in which the name of the payee was left blank. The note was executed by the defendant August 7, 1922, and was due six months after date with interest at the rate of eight per cent. At the time the note was executed by the defendant he had left with the bank moneys to be loaned out by it for him in a sum far in excess of the amount of this note. This occurred under the following circumstances: In the fall of 1921 he intended to build a large barn, and he secured from the Federal Reserve Bank a loan of $10,000 in all. Not needing the money immediately, he deposited it in the Greenwood State Bank with directions to the bank to loan it out for him and to be called in when he needed it. On the 7th of August, 1922, he needed $1,000 to pay a contractor. The cashier told him that none of his money was in at the time and that it could not be called in immediately. But the cashier said that the bank would furnish him the money, and that as soon as the defendant's money was collected it should be used to pay this note. It also happened that at the same time the plaintiff had on deposit in the Greenwood State Bank the sum of $3,500, $2,500 of which the plaintiff directed the bank to loan out for her. In September, 1923, the bank failed and closed its doors. It appears from the testimony that the cashier, Wollenberg, committed suicide. At the time of the bank's failure the defendant had drawn out his money, less the amount required to pay this note and another note he had given it. After the bank commissioner took charge

of the bank, this note, with the payee left blank, was found in an envelope on the outside of which was written the name of *Edith Paschke,* the plaintiff in this case. The envelope contained other papers also which it was claimed belonged to *Edith Paschke.* She began a proceeding to be declared the owner of the contents of this envelope. This proceeding was had, but the defendant was not made a party thereto, and after some testimony taken it was by an order of the court adjudged that *Edith Paschke* was the owner of the papers contained in the envelope, among which was the note in question. The name of *Edith Paschke* was not written into the blank in the note until after the beginning of the trial, but before evidence was taken. The circuit court found in effect that *Edith Paschke* was the owner of the note and that the defendant was liable thereon, and entered judgment accordingly. From such judgment the defendant appealed.

For the appellant there were briefs by *Pors, Edwards & Pors* of Marshfield, and oral argument by *Charles M. Pors.*

For the respondent there was a brief by *Rush & Devos* of *Neillsville,* and oral argument by *W. J. Rush.*

Vinje, C. J. A number of errors are assigned by the defendant, but since the judgment must be reversed and the cause remanded with directions to dismiss the complaint upon the merits, all of them need not be discussed. The chief evidence of ownership of the note produced by the plaintiff was the order of the court declaring her to be the owner thereof. But that order was made in a proceeding in which the defendant was not a party and therefore it was not binding upon him, and his objection to the reception of the evidence should have been sustained. *Landauer v. Espenhain,* 95 Wis. 169, 70 N. W. 287; *Inhabitants of Sturbridge v. Franklin,* 160 Mass. 149, 35 N. E. 669; *Burlen v. Shannon,* 3 Gray (Mass.) 387; *Sawyer v. Kelley,*

148 Iowa, 644, 127 N. W. 977; 3 Jones, Comm. on Ev. (Horwitz) § 588; 12 Am. & Eng. Ency. of Law, 84, note 4.

In 10 Ruling Case Law, pp. 1116 and 1117, the rule as to strangers is thus stated: "A judgment *in personam* is evidence only of the fact of its own rendition,—it may not be introduced to establish the facts upon which it has been rendered," citing a large number of cases; and it continues:

"It is an axiom of law that no man shall be affected by proceedings to which he is a stranger—to which, if he is a party, he must be bound. He must have been directly interested in the subject matter of the proceedings—with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control, in some degree, the proceedings, and to appeal from the judgment. Persons not having these rights are regarded as strangers to the cause."

It is quite evident that within the meaning of this rule the defendant was a stranger to the proceedings and to the order declaring the plaintiff the owner of the note, and that the reception in evidence of the order was prejudicial error.

The court also erred in permitting the witness Moors to testify, over proper objections, as to the contents of the bank ledger, which could easily have been produced but was not. It was error to permit the plaintiff to testify as to transactions with the deceased cashier on the theory that defendant had opened the subject. The following questions are the only ones sought to justify such testimony:

"*Q*. Isn't it a fact, *Mrs. Paschke,* that you told people as late as last April, a month ago, that you didn't know that you had that note until after Mr. Wollenberg died?" "Isn't it a fact that you told people as late as last April that Mr. Wollenberg told you that you would never have to bother with notes?"

It will be seen that they did not involve a transaction or conversation with the deceased. They related only to statements claimed to have been made by plaintiff to others since the death of the cashier.

The reason that the complaint must be dismissed is that the uncontradicted evidence shows the defendant had money due from loans made for him by the bank; that he went to the bank to get $1,000 of it, and was told by the cashier that there was no money then in from the loans but that the bank would let him have the money. He got it by signing the note in question, noticing that the name of the payee was left blank. Though the note was due in six months after August 7, 1922, and though the bank continued operations till September, 1923, over a year after its date, he was never called upon to pay principal or interest, and in the meantime he had drawn out of the bank the money he had left with it to be loaned, less the amount of this and another note signed by him. So he had settled in full with the bank and had reason to believe that the note in question belonged to the bank at the time of such settlement, which in fact it did because the name of the payee was not inserted till the trial. Even if there was evidence that the defendant authorized the bank to insert the name of a payee other than the bank, which there is not, such authority must be exercised within a reasonable time. Sec. 116.18, Stats.

The defendant testified he supposed the name of the bank was to be inserted and gave no authority to fill in any other name. In the absence of evidence showing authority from the maker to fill in another name than that of the bank, no other name could be inserted.

Sec. 116.18, Stats., provides:

"Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it prior to negotiation by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as an authority to fill it up as such for any amount. In order, however, that any such instrument when complete may be enforced against any person who became a party

thereto prior to completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. . . ."

Here it was not filled in according to authority nor within a reasonable time. For the reasons stated the defendant was liable on the note only to the bank, and such liability has been met by payment.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.