McBRIDE, Judge.
Plaintiff, the holder in due course and for value of a certain promissory note for $11,210, signed and executed by defendants, proceed against them to recover the balance of $7473.32 due on the note in principal with interest after maturity at 8% per annum and for 25% attorney’s fees, and also for recognition of a vendor’s privilege and chattel mortgage upon certain property which secures payment of said note.
The origin of the note is as follows:
On April 13, 1962 defendants, by notarial act, purchased from Dairy Dan, Incorporated, certain movable equipment on credit terms, the note sued upon being given in representation of defendants’ indebtedness. Defendants, in said act, also granted a *627 chattel mortgage securing payment of the note on the movables sold them and the note is accordingly paraphed. The note recites it is payable to Dairy Dan, Incorporated, in installments “as shown herein”, and in a column labeled “Schedule of Payments” appear the typewritten words “See Payment Schedule”. No schedule is annexed to the note; however, a document purporting to be the schedule of payments is appended to the act of sale and chattel mortgage and this shows that the note was to be liquidated in 36 monthly payments each for a varying amount.
On the same day defendants executed the note, Dairy Dan, Incorporated, (which in January 1963, became a bankrupt) transferred and negotiated it to Factors Credit Corporation which, some months later, transferred and negotiated it to SFC Financial Corporation, which subsequently transferred and negotiated the note to the plaintiff SFC Acceptance Corporation.
Defendants in their answer allege that plaintiff is not a holder in due course in that the note is not a negotiable instrument because of the incompleteness thereof readily appearing on its face and that defendants have the right to plead against plaintiff all of the equities they could have pleaded against Dairy Dan, Incorporated. Defendants, after averring there was no consideration for the note, proceed to set out a demand for damages against Dairy Dan, Incorporated, for some $15,000 for breach of contract which they plead in offset against their indebtedness on the note.
After a trial below on the merits judgment was rendered in favor of the plaintiffs as prayed for from which defendants have perfected this appeal.
The focal point in the case is the contention of appellants that the note is not a negotiable instrument because of non-conformance to R.S. 7:1 which provides, among other things, that to be negotiable the instrument must be payable on demand, or at a fixed or determinable future time. Counsel argues that the note sued upon does not state when the instrument or the installments thereon mature and thus one of the ingredients for negotiability provided for by R.S. 7:1 is lacking.
Even if we were to accept defendants’ view and treat the note as not being payable at a fixed or determinable future time, then the result is that since the note contains no date of maturity it is payable at once or on demand. R.S. 7:7 provides in part:
“An instrument is payable on demand:
“(1) Where it is expressed to be pay- . able on demand, or at sight, or on presentation; or
“(2) In which no time for payment is expressed.” (Italics ours.)
See Burthe v. Donaldson, 15 La. 382; Valley Securities Co. v. Brazier, 16 La.App. 1, 132 So. 669.
Defendants’ further contention is that plaintiff is not a holder in due course because on every occasion the note was negotiated each new holder had notice of an existing infirmity in the instrument which should have “caught the buyer’s attention”. (See R.S. 7:52). It is said the note is patently not regular because of an infirmity in the notarial act of sale and chattel mortgage consisting of the fact that one Dewey Keene is mentioned in the act as the party designated to sign for the mortgagee whereas the evidence shows that S. Mermelstein signed. This contention is absolutely devoid of merit. Who represented the mortgagee in signing the act is immaterial and has nothing to do with the validity or negotiability of the note sued upon. Moreover, it is settled by the jurisprudence of the Supreme Court that the acceptance of a promissory note secured by mortgage and a subsequent suit on the note by the holder thereof is sufficient evidence of the mortgage even though the mortgagee did not sign. Richardson v. McDonald, 139 La. 651, 71 So. 934.
*628 There is no existing circumstance which would adversely affect the negotiability of the instrument sued upon. The plaintiff, which derived its title thereto through a holder in due course, has all the rights of such former holder and holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount due against all parties liable thereon. R.S. 7:57, 7:58. Brock v. First State Bank & Trust Co., 192 La. 77, 187 So. 60. The assignment of the note from one holder to another included the chattel mortgage which is an accessory to the same. R.C.C. art. 2645.
The judgment appealed from is affirmed.
Affirmed.