207 So.2d 364

**SFC ACCEPTANCE CORPORATION**

v.

**John H. SPAIN and Elizabeth Spain.**

No. 48705.

Feb. 19, 1968.

Alvin Rudy Eason, Metairie, for defendants-appellants.

John S. Sciambra, Jacob H. Sciambra, New Orleans, for respondent.

SUMMERS, Justice.

Plaintiff SFC Acceptance Corporation instituted this suit against John H. Spain and his wife Elizabeth Spain to recover the balance due on a note identified with a sale and chattel mortgage. One of the defenses alleged by the Spains was that plaintiff was not a holder in due course, and hence the note was subject to all defenses they could assert against the original payee. The trial court rendered judgment in favor of plaintiff without assigning reasons, and the defendants Spain and his wife appealed. The judgment was affirmed by the Fourth Circuit Court of Appeal, which held that plaintiff was a holder in due course, and, therefore, the note was not subject to defenses the makers could assert against the original payees. 196 So.2d 626. We granted certiorari upon application of the Spains. 250 La. 900, 199 So.2d 916.

John H. Spain and his wife executed the contested note to evidence the balance due on the purchase price of a "Dairy Dan" mobile, soft ice cream truck which they purchased from Dairy Dan, Inc. The note dated April 13, 1963 was payable to the order of Dairy Dan, Inc., for the principal sum of $11,210.00, with interest after maturity until paid at the rate of 8 percent per annum "in installments as shown." Printed at the left edge of the note were the words "Schedule of Payment", and beneath this a series of blank lines in two columns headed "Date Due" and "Amount", respectively, designed for inserting the installments. Across these columns and beneath the heading "Schedule of Payments" was the typewritten notation "See Payment Schedule".

The note was attached to the bottom of the sale and chattel mortgage instrument, but it was separated by perforated lines and by the printed notation at the foot of the sale and chattel mortgage, which read "Detach Note Before Filing". The notation "See Payment Schedule" also appeared in the blank space provided for the schedule of payments in the sale and chattel mortgage instrument with which the note was identified. No schedule is annexed

to the note, but a typewritten document purporting to be the schedule of payments is appended to the printed form of sale and chattel mortgage. According to this latter document, signed by the Spains and the Secretary-Treasurer of Dairy Dans, Inc., the $11,210.00 is payable in 36 installments of varying amounts beginning May 25, 1962 and ending April 25, 1965.

The note was assigned by Dairy Dan, Inc., to Factors Credit Corporation, which later became known as SFC Financial Corporation. SFC Financial Corporation, according to the testimony of its assistant secretary, is the "parent" of SFC Acceptance Corporation. On February 28, 1963 SFC Financial Corporation assigned its rights in and to the sale and chattel mortgage contract and note to the plaintiff SFC Acceptance Corporation.

When the note was not timely paid, plaintiff instituted this suit on December 30, 1963 to obtain judgment for the unpaid balance of $7,473.32, with interest and attorneys fees, and for recognition of the vendor's privilege and chattel mortgage upon the truck and its accouterments. In their answer defendants set up a general denial and specially alleged irregularities in the signing of the mortgage and a delivery slip as a basis for avoiding any obligation on the note. They then set forth as alternative pleas that because the note did not contain a due date it was not complete and regular on its face, the plaintiff was not a holder in due course, and, therefore, the note was subject to all defenses which defendants would have against the original payee, Dairy Dan, Inc.; and there was a failure of consideration for the note and a breach of the conditions of the contract of sale entitling defendants to damages. They concluded with a prayer that plaintiff's demands be rejected.

Although the trial court received evidence on other issues raised by the defendants, from the reasons assigned by the Court of Appeal and the argument of counsel, it is apparent that the central issue throughout this litigation has been whether plaintiff was a holder in due course. Since this was a threshold question and the Court of Appeal and the trial court concluded that plaintiff was a holder in due course, it was unnecessary for these tribunals to pass upon the merits of the other issues raised by the pleadings for these latter defenses, if they had merit, could not be asserted against a holder in due course.

Defendants, in support of their contention that plaintiff is not a holder in due course, point to Section 52 of Title 7 of the Louisiana Revised Statutes (La.R.S. 7:52), which provides that a holder of a negotiable instrument cannot be a holder in due course unless he has taken an instrument which is "complete and regular on its face." They then argue that because the payment schedule on the note is blank the note is not "complete and regular on its face."

▉ Prior to the adoption of the Negotiable Instruments Law the rule in this state was that the purchase of an incomplete instrument did not per se deprive the purchaser of his position as a holder in due course. Shultz v. Payne, 7 La.Ann. 222 (1852). However, today a purchaser must take an instrument complete and regular on its face in order to hold in due course and thereby cut off any personal defenses which may exist between the immediate parties. N.I.L. Sec. 52(1); La.R.S. 7:52(1); Commercial Credit Corp. v. Freiler, 42 So.2d 296 (La.App.1949); Columbia River Door Co. v. Timms, 127 Or. 227, 271 P. 607 (1928); Johnston v. Knipe, 260 Pa. 504, 105 A. 705, L.R.A. 1918E, 1042 (1918). An instrument which contains any material blank is not complete and regular on its face. Stout v. Eastern Rock Island Plow Co., 202 Ind. 517, 176 N.E. 844, 75 A.L.R. 1386 (1931) (blank as to amount); Johnston v. Hoover, 139 Iowa 143, 117 N.W. 277 (1908) (blank as to place of payment); Remedial Plan v. Ott, 199 Ky. 161, 250 S.W. 825 (1923) (blank as to time of payment); Moore v. Vaughn, 167 Miss. 758, 150 So. 372 (1933) (blank as to name of payee); see also, Wilkins v. Reliance Equipment Co., 259 Ala. 348, 67 So.2d 16 (1953); In re Philpott's Estate, 169 Iowa 555, 151 N.W. 825 (1915); cf. Balliet v. Wollersheim, 241 Wis. 536, 6 N.W.2d 824 (1942); Note, 24 Tul.L.Rev. 485 (1950); Note, 22 Col.L.Rev. 159 (1922); Beutel's, Brannan Negotiable Instruments Law § 52 (1) (1948); 10 C.J.S. Bills and Notes § 96, 328b (1938).

▉▉ The requirement in La.R.S. 7:52 (1) that the note must be "complete and regular on its face" for the party who has taken it to be a holder in due course means that it must be complete within its eight corners, Morris v. Cain's Executors, 39 La. Ann. 712, 1 So. 797, 2 So. 418 (1887); and its completeness and regularity, for the purpose of determining whether the holder is a holder in due course, cannot be aided by extraneous evidence of any kind. Wilkins v. Reliance Equipment Co., 259 Ala. 348, 67 So.2d 16 (1953). The note in question is separable from the mortgage by the perforated line and could therefore be detached without mutilation. This, together with the printed words "Detach Note Before Filing" appearing at the foot of the sale and chattel mortgage, clearly indicated a studied design to make them separable. These factors, combined with the general appearance of the documents, establish unmistakably that they were to be treated as two separate instruments. For these reasons, whether the note was "complete and regular on its face" depends upon what appears within its eight corners—the face of the note—unaided by any reference to the sale and chattel mortgages or the schedule of payments attached to the sale and chattel mortgage.

■ We are of the opinion that the note is not complete and regular on its face because the blanks in the "Schedule of Payments" make it impossible to determine the time of payment without reference to the sale and chattel mortgage and thereafter to the schedule of payments attached thereto; that is, it cannot be ascertained from its eight corners that it is payable "at a fixed or determinable future time", as it should be to make it regular in accordance with the requirements of La.R.S. 7:1.

This holding does not mean that the note is invalid, or that plaintiff, who is in possession of the note, may not consider it a demand note for the purposes of collection (La.R.S. 7:7), or complete the blanks to show the installment payments and thereby render the note negotiable, (La.R.S. 7:14), or establish the time for payment by reference to the schedule of payments attached to the sale and chattel mortgage. We do not pass upon these questions. Our holding simply establishes that plaintiff is not a holder in due course because when it received the note it contained blanks where the installment payments should have been, and it had no determinable date of payment. Consequently, plaintiff holds the note subject to "the same defenses as if it were non-negotiable." La.R.S. 7:58. Remedial Plan, Inc. v. Ott, 199 Ky. 161, 250 S.W. 825 (1923); In re Philpott's Estate, 169 Iowa 555, 151 N.W. 825 (1915).

Plaintiff contends, and the Court of Appeal held, that if the note is not complete and regular on its face the result would be the same because, by the provisions of La.R.S. 7:7, an instrument is payable on demand in which no time for payment is expressed. By this section, it is asserted, the law supplies a date of payment.

■■ Though a note may be valid and collectible when no time for payment is expressed therein, such a note is nevertheless subject to all defenses in the hands of a third party to which it would be subject between the original parties, because the party who receives it with such an infirmity is not a holder in due course. La. R.S. 7:7 declares that a note is payable on demand when no time for payment is expressed, however, that section does not at the same time do away with the requirement that the instrument must be complete and regular on its face when a party receives it in order that he might claim the position of a holder in due course. See La. R.S. 7:14, 52(1), 58.

For the reasons assigned, the judgment of the trial court and the Court of Appeal are reversed, and the case is remanded to the trial court for adjudication of the other defenses alleged by defendants.

FOURNET, C. J., absent.