## CRUTCHFIELD v. EASTON.

I. An indorsement of a note, may be made upon the paper, on which a torn note is pasted, so as to vest the legal title in the indorsee. It is not necessary in such a case, any more than in an indorsement on the note itself, to prove when it was made.

Writ of Error to Randolph Circuit Court. Before the Hon. S. Chapman.

THE defendant in error, sued the plaintiff, on a note executed by him to one Crook, and indorsed to the defendant in error. On the trial, a bill of exceptions was taken, which shows that the note had been torn into three pieces, but the pieces had been laid together, and pasted to another piece of paper, about the size of the note, and the indorsement made on the back of this piece of paper, from Crook the payee, to the defendant in error. The plaintiff in error objected to the note, and the indorsement as evidence, but the objection was overruled.

The court charged, that an indorsement on a piece of paper, separate from the note, would not pass the legal title; but if the jury believed, that the note was pasted on the piece of paper to preserve it, and that such pasting was necessary to preserve the note, that an indorsement on the paper, to which the note was pasted, was a good indorsement to pass the legal title. This charge is now assigned as error.

43

Rice, for plaintiff in error.

L. E. Parsons, contra.

DARGAN, J.—An indorsement is generally made, by writing the name of him, in whom is vested the legal title to the note, or bill, on the back thereof; but an indorsement on the face of the bill, has been held good; and indorsements made on a piece of paper, attached to the bill, called an *allonge*, are frequent, and will pass the legal title to the indorsee. See Chitty on Bills, 226; 16 East, 12; Yarborough v. The Bank of England. If the note was torn into three pieces, and was pasted to the piece on which the indorsement was made, it did not thereby lose its negotiable qualities, and could be indorsed *by writing the name of the payee, on the back* of the paper to which it was pasted. This is not denied by the counsel for the plaintiff in error, but he contends, that in the absence of proof, when this indorsement .was so made, *either before, or after suit brought*, should have been shown. The same objection could be urged against any blank indorsement on the identical piece of paper, on which the note or bill is written. The production of the note, and the indorsement is *prima facie* sufficient to entitle the plaintiff to recover; and if the plaintiff had no right to sue, or if he had not acquired the right to sue at the time suit was instituted, it devolved on the defendant below to prove it.

There is no error in the record, and the judgment is affirmed.