# Clark *v.* Thompson, *et al.*

### *Bill to Cancel Mortgage.*

(Decided October 14, 1915.   Rehearing denied November 18, 1915.
69 South. 925.)

1. *Bills and Notes; Holder in Due Course; Statute.*—Under sections 5007-5014, Code 1907, to be the holder in due course of a note given by the husband and wife for money loaned to the husband so as to deny to the wife the defense that she was an accommodation maker, and a surety only, the holder must have acquired such note by negotiation to him which could only be by endorsement, in case of a note payable to order.

2. *Same; Endorsement; "Allonge."*—Under section 4986, Code 1907, where a note and mortgage were pinned together for temporary convenience, and there was room on the note for an endorsement, the endorsement of the mortgage was not sufficient to negotiate the note, and operated merely as the common law assignment, since although the statute sanctioned the use of the allonge of the old law merchant, a strip of paper tacked or pasted onto the instrument so as to become a part of it, it was not intended to establish the lose practice of making regular endorsements of commercial paper by writing on the back of any other paper to which it may be temporarily attached, especially where there is ample space for endorsement on the back of the instrument itself.

APPEAL from Fayette Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Ida Clark against W. A. Thompson and another to cancel a certain mortgage because executed as surety for the debt of her husband. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

McNEIL, & MONROE, for appellant.

CHENAULT & CHENAULT, for appellee.

SOMERVILLE, J.—Complainant files her bill for the cancellation of a certain mortgage executed by herself and her husband on her realty to secure their joint ne-

[Clark v. Thompson, et al.]

gotiable note. The bill alleges, and the evidence, we think, very clearly shows, that the money for which the note and mortgage were given was lent to the husband, not to the wife, and that her relation to the debt was that of a surety only. This was the finding of the chancellor, but the bill of complaint was dismissed on the theory that the respondent was a purchaser for value in due course of the note and mortgage, without notice of the infirmity charged.

(1) Respondent bought the note and mortgage from the payee, D. A. Thompson; the note being payable to Thompson, or order. In order to free the note of the defense available to complainant against the payee, it was necessary for respondent to acquire it in due course by indorsement, as prescribed by the Negotiable Instruments Law.—Code, §§ 5007—5014.

(2) "The indorsement must be written on the instrument itself or upon a paper attached thereto."—Code, §. 4986. This is but a statutory affirmation of the rule of the old law merchant, which allowed indorsements to be made upon an "allonge;" that is, upon a slip of paper tacked or pasted on to the instrument so as to become a part of it.—Crawford's Ann. Neg. Inst. § 690; *Crutchfield v. Easton,* 13 Ala. 337; *Brown v. Isbell,* 11 Ala. 1009, 1017. But the use of the allonge was allowable only when the back of the instrument itself was so covered with previous indorsements that convenience or necessity required additional space for further indorsements.—Authorities supra. Section 4986 of the Code sanctions the use of the allonge, but certainly it was not intended to establish the loose and undesirable practice of making regular indorsements of commercial paper by a writing on the back of any other paper or document to which it might be temporarily attached, as

by pinning, and, more especially, when there is ample space for indorsement on the back of the instrument itself.

In a case like this, arising under the law merchant, the Supreme Court of Nebraska has reached a like conclusion. Said the court: "Webster defines the word 'allonge' to mean 'a paper attached to a bill of exchange for receiving indorsements too numerous to be written on the bill itself.' In the case at bar the mortgage and note were not attached or fastened together; and, had they been, as there was plenty of room remaining blank on the back of the note for indorsement thereon, it would be a forced and inadmissible construction to treat the mortgage as an allonge of the note."—*Doll v. Hollenback*, 19 Neb. 639, 643, 28 N. W. 286, 288.

An exhaustive discussion of the subject, with citation of many authorities, will be found in the case of *Bishop v. Chase*, 156 Mo. 158, 56 S. W. 1080, 79 Am. St. Rep. 515, cited in 1 Words and Phrases, 343. It was there held that a written transfer of a note, made on a separate paper to which it was pinned, there being room on the back of the note itself for the transfer, was an assignment merely, and not a commercial indorsement.

In the instant case, whether the note was pinned to the mortgage or not, we are constrained to treat its transfer, in the manner shown, as a common-law assignment merely, and to hold that respondent was not a holder in due course. It must be noted, however, that the evidence does not show that the note was pinned to the mortgage when they were transferred to respondent, but only when they were delivered to the payee nearly a year before; and we could not presume that such a superficial fastening, evidently for temporary convenience only, still existed at the date of the transfer.

It results that the decree of the chancery court must be reversed, and a decree will be here rendered granting to complainant the special relief prayed for in the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.