NORTHWESTERN FINANCE CO. *v.* CROUCH.

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—CHATTEL MORT-GAGES—ACCELERATION CLAUSE DOES NOT DESTROY NEGOTIABILITY. Acceleration clause in note and chattel mortgage does not destroy negotiability of note.

On provision accelerating maturity as affecting negotiability, see 35 L. R. A. (N. S.) 390; L. R. A. 1915B, 472; 34 A. L. R. 872; 72 A. L. R. 268.

2. SAME—PROVISION IN MORTGAGE FOR INSURANCE DOES NOT DESTROY NEGOTIABILITY OF NOTE.

Provision in chattel mortgage that mortgagor shall insure mortgaged property relates to security and not indebtedness, and therefore does not render accompanying note nonnegotiable on ground that obligation is uncertain in amount (2 Comp. Laws 1929, § 9250), where note and mortgage are separate instruments, and note does not refer to mortgage.

3. SAME—MOTOR VEHICLES—CERTIFICATE OF TITLE—HOLDER IN DUE COURSE.

That no certificate of title had been issued when note and chattel mortgage covering new automobile sold by dealer were made and assigned does not affect assignee's status as holder in due course, since certificate of title is not required until dealer has made sale (1 Comp. Laws 1929, §§ 4658, 4667).

Appeal from Berrien; White (Charles E.), J. Submitted April 19, 1932. (Docket No. 159, Calendar No. 36,309.) Decided June 6, 1932.

Assumpsit by Northwestern Finance Company, an Indiana corporation, against Harvey D. Crouch on a promissory note. Judgment for plaintiff *non obstante veredicto*. Defendant appeals. Affirmed.

*Edwin J. Donahue* and *John G. Yeagley*, for plaintiff.

*Burns & Hadsell*, for defendant.

CLARK, C. J. This suit is on a promissory note made by defendant to States Motor Sales Company of Niles, being Marshall and Wideman trading under that name, and by them transferred to plaintiff for value and before due. With the note, and also transferred to plaintiff, there was also made a writing, in legal effect a chattel mortgage, though called a sales agreement, covering the subject-matter of the

transaction, an automobile. Plaintiff had judgment notwithstanding verdict. Defendant has appealed.

Assuming, not deciding, that defendant had a defense as against one not a holder in due course, the inquiry is whether plaintiff is a holder in due course. In that regard the presence of an acceleration clause in both note and mortgage is urged as destroying negotiability. This is answered against defendant's contention by *Paepcke* v. *Paine,* 253 Mich. 636 (75 A. L. R. 1205, and note) ; 2 Comp. Laws 1929, § 9251.

Nonnegotiability is also urged upon a provision of the mortgage that mortgagor shall insure the property, and it is urged that mortgage and note must be construed as one instrument, and, when so construed, the obligation is uncertain in amount. 2 Comp. Laws 1929, § 9250. Although the writings in question were made at the same time, and on one sheet of paper, there are here two instruments. The note is distinctly a note. It does not refer to the mortgage. The mortgage speaks of it as an instrument of even date. As executed the writings were separated by a perforated line, as appears by files of this court. The note might be detached. In this regard the case is ruled by *Shattuck* v. *Reed,* 221 Mich. 155.

The note and mortgage not being a single instrument, *First State Savings Bank* v. *Russell,* 244 Mich. 298, and other like cases, are not in point.

There is nothing to indicate that conditions of the mortgage should be imported into the note. The provision for insurance was to preserve the security. It relates to security, not to indebtedness.

In note 45 A. L. R. 1093, it is said:

"It has been held in a number of well-considered cases that, assuming a provision for the payment

of taxes or insurance, if incorporated in the note itself, would render the instrument nonnegotiable, such a provision in the mortgage alone does not have that effect where the terms of the mortgage need not be read into the note."—

Citing *Wilson* v. *Campbell,* 110 Mich. 580 (35 L. R. A. 544).

And 3 R. C. L. p. 870:

"But construing together simply means that, if there be any provisions in one instrument limiting, explaining, or otherwise affecting the provisions of another, they will be given effect as between the parties themselves and all persons charged with notice, so that the intent of the parties may be carried out, and the whole agreement actually made may be effectuated. This does not mean that the provisions of one instrument are imported bodily into another, contrary to the intent of the parties. They may be intended to be separate instruments, and to provide for entirely different things. Hence the provisions of a mortgage securing a contemporaneous note, which merely relate to the preservation of the security, are not made a part of it so as to destroy its negotiability."

And see, also, *Paepcke* v. *Paine, supra,* at p. 640.

The note is a negotiable instrument.

Plaintiff's holding in good faith is further challenged on the ground that no certificate of title had been issued when the papers were made and assigned. This being a new automobile, sold by a "dealer," as defined in 1 Comp. Laws 1929, § 4658, certificate of title was not required until dealer had made sale. 1 Comp. Laws 1929, § 4667. The defendant customer could not get certificate of title until he had become a purchaser. As purchase of a new car from the dealer completely precedes certificate of title to the customer, the papers in question, being

part of the act of purchasing, likewise precede certificate of title.   The point is without merit.   Plaintiff held note in due course.

One other question is attempted, but it calls for no discussion.

We find no error.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.