## FIRST NATIONAL BANK OF BIRMINGHAM v. NAGEL.

### 6 Div. 399.

Supreme Court of Alabama.

Oct. 12, 1933.

White E. Gibson, White E. Gibson, Jr., and M. Leigh Harrison, all of Birmingham, for appellant.

Locke & Creel, of Birmingham, for appellee.

BROWN, Justice.

This is an action on a promissory note executed on December 12, 1929, by the appellee and Nagel Sales & Engr. Co., payable "in gold coin of the United States of the present standard of weight and fineness" to the Bank of Ensley (Ramsay & McCormack, Inc.) or order, on the 11th day of January, 1930, and payable at said bank.

The defendant pleaded the general issue, in short by consent, with leave to give in evidence any matter that would bar a recovery, if specially pleaded.

The evidence shows that the note was indorsed and delivered to the plaintiff bank as collateral to secure a loan on December 21, 1929, and is the property of the plaintiff. And plaintiff offered the note in evidence and proved its ownership by the plaintiff, and adduced evidence that it had not been paid.

The defendant testified that he had on deposit in a checking account with the Bank of Ensley on January 10, 1930, something over $400, and that the Bank of Ensley closed on January 11, 1930; that he received notice from the Bank of Ensley that the note was due, and went to the bank on January 10th "and asked Miss Wildsmith (the Assistant Cashier) whether my note was due on the 10th or 11th. I then asked her if I had more than four hundred dollars, the amount of the note, in my account in the Bank of Ensley. She looked this up and told me that I had more than four hundred dollars in my account. * * * I told Miss Wildsmith to debit the note against my checking account as if it were a check and to place the note with my cancelled checks, and I would get it on the first of the month, as I would be out of town the next day. Miss Wildsmith agreed to do this."

On cross-examination defendant testified: "So far as I know, the note never was charged against my account. I have never offered to pay, or paid, any of the note since. I did not see the note on January 10th, when I went to the Bank of Ensley."

This was all the evidence, and at the conclusion of the evidence the plaintiff requested the affirmative charge, which was refused by the court.

█ It is familiar law that, in the absence of an agreement to the contrary, payment of a debt must be made in money. J. F. Morgan Paving Co. v. Carroll, 211 Ala. 121, 99 So. 640; 21 R. C. L. p. 8, § 3.

█ Conceding that the evidence tended to show that the note in suit was in the hands of the Bank of Ensley on January 10, 1930, and that by virtue of the provision in the face of the note that "The Bank at which this note is payable is hereby authorized to apply, on or after maturity, to the payment of this debt, any funds in said bank belonging to the maker, surety, endorser, guarantor, or any one of them," the Bank of Ensley as the agent of the plaintiff had authority to debit the note against the defendant's account, and that it was expressly authorized by the defendant to do so, this in and of itself would not constitute payment. If the note had been charged against the account of the defendant, canceled and placed in the files as a voucher against said account by the Bank of Ensley before it closed, without knowledge on the part of its officer or agent of its insolvency, a different question might arise. But we are clear to

the conclusion that the defendant has failed, by the evidence which he offered, to meet the burden of showing that the debt evidenced by the note has been paid, and the plaintiff was, on the evidence, entitled to the affirmative charge. Lowenstein & Bros. v. Bresler, 109 Ala. 326, 19 So. 860; Williams v. Costello, 95 Ala. 592, 11 So. 9; Bibb v. Snodgrass, 97 Ala. 459, 11 So. 880.

As the case must be reversed for the error pointed out, the other questions need not be considered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.