58 So.2d 446

## BAILEY et al. v. MILLS et al.
### 1 Div. 469.

Supreme Court of Alabama.
April 24, 1952.

240

Johnston, McCall & Johnston and Percy W. Johnston, Jr., Mobile, for appellees.

Lyons & Pipes and Sam W. Pipes, III, Mobile, for appellants.

SIMPSON, Justice.

Bill by appellees, Mills, to cancel their note and mortgage given on a lot in Mobile, Alabama, and for other relief.

The payee of these instruments had, prior to their maturity, transferred and delivered them to appellants, who claimed to be holders in due course.

On the evidence presented it was satisfactorily shown that there was a failure of consideration of the instruments, which would have entitled the appellees to rescind the transaction incident to their execution and to have them cancelled as against the original holder. So the real question is whether tthe appellants as transferees of the holder acquired the note (and the mortgage securing) by proper indorsement so as to constitute them holders in due course, with that defense unavailing against the validity of the instruments.

The trial court decided the issue against appellants and granted appellees relief. We think the authorities in this jurisdiction, as well as generally, sustain that conclusion. The note was "payable to order" and the indorsement of the payee nowhere appeared on it (or for that matter on the mortgage either), although there was ample space for such, resulting that the transfer was a common law assignment merely and the transferees took no better title than the original holder.

For one to be a holder in due course of an order instrument "The indorsement must be written on the instrument itself or upon a paper attached thereto." Code 1940, Title 39, § 33. A written indorsement upon another and entirely distinct instrument is not permissible and will not have the effect of passing the legal title of such a negotiable instrument so as to make the transferee a holder in due course. "It is indispensably necessary if, such instruments are to fulfill the object for which they were designed, that they should carry with them the indicia by which their ownership is to be determined; otherwise, their value as a circulating medium would be largely curtailed, if not entirely destroyed. Adding an allonge when necessary or convenient is permissible only because furthering the object of their creation, viz. free and unrestrained negotiability. This is and can be the only exception to the rule * * *." Haug v. Riley, 101 Ga. 372, 29 S.E. 44, 46, 40 L.R.A. 244.

Here there was no such requisite indorsement. The instruments purported to have been transferred to appellants by a separate instrument of assignment given by payee to appellants, all three documents (according to appellants' testimony) being fastened together with a gem clip. This was not sufficient to meet the rule of the authorities —especially of our own—and to rise to the dignity of a negotiation of the instruments so as to make appellants holders in due course. Clark v. Thompson, 194 Ala. 504, 69 So. 925; Tennessee Valley Bank v. Williams, 246 Ala. 563, 21 So.2d 686; Plattsmouth State Bank v. Redding, 128 Neb. 268, 258 N.W. 661; Haug v. Riley, supra; Bishop v. Chase, 156 Mo. 158, 56 S.W. 1080; Bergmann v. Puhl, 195 Wis. 120, 217 N.W. 746, 56 A.L.R. 915; Doll v. Hollenbeck, 19 Neb. 639, 28 N.W. 286; 10 C.J.S., Bills and Notes, § 207, page 692, § 235, page 725; 56 A.L.R. 921; 87 A.L.R. 1186, note c; 3 Words and Phrases, pages 232–233; Code, supra. Title 39, §§ 32 and 33.

Our case of Clark v. Thompson, supra, is a leading case on the subject and, construing the quoted provision of the negotiable instruments law with respect to the indorsement of a negotiable instrument by "a paper attached thereto," so as to make the transferee thereof a holder in due course, it was there observed:

"* * * In order to free the note of the defense available to complainant against the payee, it was necessary for respondent to acquire it in due course by indorsement, as prescribed by the Negotiable Instruments Law. Code, §§ 5007–5014 [now §§ 54–61, supra].

"(2) 'The indorsement must be written on the instrument itself or upon a paper attached thereto.' Code, § 4986. This is but a statutory affirmation of the rule of the old law merchant, which allowed indorsements to be made upon an 'allonge'; that is, upon a slip of paper tacked or pasted on to the instrument so as to become a part of it. Crawford's Ann.Neg.Inst. § 690; Crutchfield v. Easton, 13 Ala. 337; Brown v. Isbell, 11 Ala. 1009, 1017. But the use of the allonge was allowable only when the back of the instrument itself was so covered with previous indorsements that convenience or necessity required additional space for further indorsements. * * * Section 4986 of the Code sanctions the use of the allonge, but certainly it was not intended to establish the loose and undesirable practice of making regular indorsements of commercial paper by a writing on the back of any other paper or document to which it might be temporarily attached, as by pinning, and, more especially, when there is ample space for indorsement on the back of the instrument itself." 194 Ala. 505–506, 69 So. 925.

Ruled by the foregoing, therefore, the transfer of the instruments in the instant case must be held not to have been a sufficient "indorsement" of them under the statute, § 33, to make the appellants holders in due course.

■ We are in doubt, however, as to the propriety of that phase of the decree (challenged by assignment of error 4) which ordered the register to deliver to complainants the note, then already matured. While the complainants (appellees) had a good defense to it and the court properly held them not liable thereon, that status did not prevail as between the appellants (transferees of the note) and the payee (transferor), since the contractual obligation was not the same and the transferor might still be liable to the transferees thereon. Code 1940, Title 39, § 67. The note was the property of the appellants and the decree should not have required its delivery to appellees. 12 C.J.S., Cancellation of Instruments, § 78, page 1082; Huston v. Roosa, 43 Ind. 517. To the extent thus indicated, therefore, the decree will be here modified.

Modified and affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.