67 So.2d 16

### WILKINS et al. v. RELIANCE EQUIPMENT CO., Inc.

#### I Div. 492.

Supreme Court of Alabama.

Aug. 6, 1953.

Smith, Hand, Arendall & Bedsole and R. B. Wilkins, all of Mobile, for appellants.

Robt. H. Smith, Mobile, for appellee.

PER CURIAM.

The questions on this appeal are controlled primarily by the Negotiable Instruments Law, Code 1940, Tit. 39, § 1 et seq. That is to say, whether a note executed by complainants to the order of Wayne E. Banks for $4,500, dated January 10, 1950, is a negotiable instrument and whether respondent is a holder in due course.

The bill was filed by complainants, the makers of said note with a mortgage to secure it, to cancel the note and mortgage. It alleges that the consideration failed; that the note and mortgage were delivered conditionally and the condition was never fulfilled, and that the negotiation of the note and foreclosure of the mortgage be enjoined. There was no demurrer to the bill. The respondent, appellee here, answered, claiming to be a holder of the note and mortgage in due course. That Wayne E. Banks by a written instrument did assign to respondent (which we will refer to as Reliance) "the said debt of $4500.00, with interest, the note evidencing said debt and the mortgage that secured said note and debt, and guaranteed payment of said note; that said written instrument was dated 'this the —— day of Jan. 1950' and acknowledged by Wayne E. Banks on January 10, 1950, and was filed for record on April 10, 1950; that said Banks early in March 1950 applied to Reliance for the right to purchase goods and materials from Reliance on credit, and Reliance refused to grant such request." (That) "Reliance and said Banks then agreed that said Banks should assign and convey to Reliance the said note and mortgage for $4500.00, hereinabove referred to, as security for any debts that said Banks should owe to Reliance for goods and materials to be purchased from Reliance, and in consideration therefor, Reliance agreed to extend credit to said Banks for goods and materials to the extent of said note and mortgage." "Reliance, on the strength of said security, thereafter sold goods and materials to said Banks upon which there is

now a balance due and unpaid to Reliance of the sum of $4975.71," and "that Wayne E. Banks, in March 1950, indorsed said note and assigned and conveyed the said note and mortgage to Reliance Equipment Company, Inc., who acquired the same without notice of any infirmity in said instruments or defect in the title of said Wayne E. Banks, and that said assignment was recorded in the Probate Court of Mobile County, Alabama, on April 10, 1950, in Miscellaneous Book 221, page 230, and Reliance Equipment Company Inc., is the holder of said note in due course."

The answer was made a cross-bill seeking a personal judgment on said note against complainants. A personal judgment was rendered against complainants for $4,377.48, including interest and attorney's fee. The court cancelled the mortgage as being insufficiently executed, and denied relief to complainants for the cancellation of the note. There was no answer to the cross-bill and no decree pro confesso. Therefore, no relief was available on it other than that which arose from the offer in the original bill to do equity. Complainants appeal and respondent has cross-assigned errors, claiming that it should have had a larger judgment against complainants.

Appellants first contend that the note in question is not a negotiable instrument because it is not due "on demand or at a fixed or determinable future time." Section 8(3), Title 39, Code. It is payable "Four (4) —— after date". To this appellee counters that when no time is expressed for payment of the note it is payable on demand. Section 11, Title 39, Code. To which appellants say that it is nevertheless not "complete and regular upon its face", and, therefore, Reliance cannot be a holder in due course under section 54, Title 39. Appellee replies that no such contention is made by the pleadings and, therefore, the court cannot consider that question; that it was not insisted on or referred to in the trial court and that this Court cannot do so. Appellants in brief say that the incompleteness of the note was argued in the trial court and was not overlooked (but that is immaterial on this appeal). The answer and

cross-bill allege that Reliance was a holder in due course by indorsement in March 1950 for value and without notice of infirmity. The mortgage which secured the note described it as due four months after date.

To those contentions we observe that it was the duty of Reliance to plead that it was a holder in due course in defense of the rights of complainants. The allegation in the answer made the issue complete. This was nonetheless so because the answer was made a cross-bill. There was no decree pro confesso on the cross-bill, which is necessary for its allegations to be taken as admitted by not answering it. Rule 26, Equity Rules, Code 1940, Tit. 7 Appendix. The principle declared in our cases is that a trial on the original and cross-bill is to be had at the same time. But when the cross-complainant has not taken needed steps to get the cross-bill at issue and prepare same for trial, the court may proceed on the original bill and answer though there is also a cross-bill. Thomas v. Skeggs, 223 Ala. 598(4), 137 So. 443. When an answer is also a cross-bill its nature as an answer is not affected. Burns v. Lenoir, 220 Ala. 422(5), 125 So. 661.

The first question in this connection is whether the note was negotiable, so that Reliance could be a holder in due course. For if it was not negotiable, Reliance would not be protected from the claim of appellants that the consideration had failed and, therefore, that appellants were entitled to a cancellation of the note and mortgage. If the note is taken separate from the mortgage, it is clear that it is not a negotiable instrument. It is not in terms payable "on demand or at a fixed or determinable future time", as required by section 8(3) of Title 39. If it be treated as payable on demand because no time for payment is expressed, section 11(2), Title 39, the answer is that to be a holder in due course the instrument must be "complete and regular upon its face", as required by section 54(1), Title 39.

The note is not complete and regular upon its face, but a blank appears as to the time of payment. While Banks had possession of it he could have filled in the blank so as to complete its negotiable status, but for one to be a holder of such an instrument in due course the blank must be filled before it is negotiated to him. Section 18, Title 39. The blank in the note here in question has never been filled. If the note is to be considered separate from the mortgage, it would follow that Reliance is not a holder in due course. In that event, we need not consider the controversy as to whether the note was actually indorsed to Reliance, or if so indorsed exactly when that was done or to determine the exact amount secured by its negotiation to Reliance since it was transferred to Reliance as collateral security; nor the burden of proof as to them under sections 57 and 61, Title 39.

It is contended by Reliance that the recitals of the mortgage supply the blank in the note and make it read as though "months" had been written in it, so as to be due "four (4) months after date". The mortgage executed at the same time described the note as payable "four (4) months from date".

Appellants contend that one cannot look at the mortgage in this connection because, for one reason, it is invalid since it was not witnessed nor acknowledged. The trial court held it to be invalid and cancelled it.

Appellee has not assigned that ruling as error. It seems to be conceded that the mortgagors did not appear before the notary public and did not even know him. That simply invalidates the acknowledgment as such or as an attestation, and it was not witnessed otherwise. But the failure to have the signature witnessed or acknowledged does not invalidate it as a contract unless it is a homestead. Niehuss v. Ford, 251 Ala. 529, 38 So.2d 484.

A mortgage of land not witnessed nor acknowledged does not pass the legal title, but is operative in equity as an agreement to make a mortgage and valid as such agreement when it is not of the homestead. No claim of homestead appears in order to satisfy W. T. Rawleigh Co. v. Patterson, 239 Ala. 309, 195 So. 729.

But we doubt if its invalidity is a ground for not considering it if by doing so any ambiguity in the note is cured. But when section 54, Title 39, says that the note must be "complete and regular upon *its face*", it means that its completeness and regularity cannot be aided by extraneous evidence of any kind. When a note is separable from a mortgage securing it, it may be put in circulation without the mortgage. But the face of the note must show completeness and regularity for it to be negotiable. Cases are directly in point. 10 C.J.S., Bills and Notes § 96, page 546, note 25; In re Estate of Philpott, 169 Iowa 555, 151 N.W. 825; Remedial Plan, Inc., v. Ott, 199 Ky. 161, 250 S.W. 825.

It is insisted in this connection that when two or more instruments are executed at the same time as a part of the same transaction they are taken as one contract, evidenced by them all. That is undoubtedly true for many purposes, Evans v. Kilgore, 246 Ala. 647, 21 So.2d 842, but when the note is physically separable and is separated from the mortgage, it cannot make the face of the note complete and regular when its face is not complete and regular. Without the aid of the mortgage, the note would doubtless mean that it is due on demand. With the aid of the recitals of the mortgage it should be construed as due four months after date. Neither of those conditions is so expressed in the note. And the note is valid under those circumstances as due four months after date. But as so interpreted, it is non-negotiable for being separable from the mortgage, without referring to it, it is not in that material respect complete and regular on its face. It takes evidence *aliunde* to give it that construction. But for an instrument to be negotiable its construction cannot be aided by evidence *aliunde,* although such evidence is available to aid in determining its meaning.

There are authorities which hold that when a note and mortgage are given contemporaneously and the note appears to be negotiable, recitals in the mortgage may sometimes render it non-negotiable. On the other hand, authorities are to the contrary. Shanabarger v. Phares, 86 W.Va. 64, 103 S.E. 349; Northwestern Finance Co. v. Crouch, 258 Mich. 411, 242 N.W. 771; Paepcke v. Paine, 253 Mich 636, 235 N.W. 871, 75 A.L.R. 1205; Thorp v. Mindeman, 123 Wis. 149, 101 N.W. 417, 68 L.R.A. 146; Westlake v. Cooper, 69 Okl. 212, 171 P. 859, L.R.A.1918D, 522; Paulausky v. Polish Roman Catholic Union of America, 219 Ind. 441, 39 N.E.2d 440; Mechanics' Bank of New Haven v. Johnson, 104 Conn. 696, 134 A. 231; Morgan v. Mulcahey, Mo. App., 298 S.W. 242; 10 C.J.S., Bills and Notes, §§ 45, 141, pages 485, 596. An analysis of the cases may be found in 75 A.L.R. 1211 et seq.; 7 Am.Jur. section 187 et seq., page 894.

It is said in one of our cases that an indorsement on the mortgage pinned to a note is not sufficient as an indorsement of the note. Clark v. Thompson, 194 Ala. 504, 69 So. 925.

We find no authorities which hold that recitals in a mortgage can make a note negotiable when it is not so on its face.

For the reasons indicated, we think this Court should adopt the view that at least when the note and mortgage are physically detachable without mutilation, or are on separate sheets of paper unattached, the negotiability of the note must be determined by its face unaided in that respect by the language of the mortgage unless the note in terms does so by reference. The record here indicates that the note and mortgage have no physical connection. The manner of the physical connection of the note with the mortgage when it was executed seems to have an important influence for certain purposes. Northwestern Finance Co. v. Crouch, supra; Clark v. Thompson, supra; Tennessee Valley Bank v. Williams, 246 Ala. 563, 21 So.2d 686; Bailey v. Mills, 257 Ala. 239, 58 So. 2d 446.

If the note and mortgage are printed on a single sheet of paper without perforated line between them or other indication that they are separable, or when each refers to the other, they constitute one instrument, Singer v. National Bond & Investment Co., 218 Ala. 375 [5], 118 So. 561. But if the note and mortgage are on

354

separate sheets, or if there are indications on them that they were intended to be separable as where they are merely pinned together as in Clark v. Thompson, supra, and they do not each refer to the other, each is separate from the other, and the recitals in the mortgage not properly a part of the note should not add negotiability to the note—not so on its face—though they may aid in construing it. This is in accord with our case of Federal Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146(9), 107 So. 88. See, also, First National Bank v. Elba Hardware & Furniture Co., 223 Ala. 493, 137 So. 173.

The judgment should be reversed on the main appeal unaffected by the cross-assignments, and a judgment should be here rendered granting relief to appellants on their original bill.·

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.