105 So.2d 148

Arthur GLOVER

v.

Pauline R. HUDDLESTON.

5 Div. 488.

Court of Appeals of Alabama.

Sept. 20, 1957.

Rehearing Denied Oct. 15, 1957.

Arthur Glover, appellant, pro se.

Geo. P. Howard, Wetumpka, for appellee.

CATES, Judge.

We have here an appeal from a judgment for $100 corresponding to the verdict of a jury in the Elmore Circuit Court in favor of Mrs. Huddleston against the Honorable Arthur Glover on an action arising out of his promissory note to her in the original principal amount of $450, bearing date of August 28, 1948, which was due and payable with six per cent interest one year later. The note contained a stipulation for an attorney's fee, to the effect that the maker "agrees to pay all costs of collecting this note, including a reasonable attorney's fee for all services rendered in any way in any suit against any maker, or in collecting or attempting to collect, or in securing or attempting to secure this debt, if this note is not paid at maturity."

The note was not paid at maturity, Judge Glover having meanwhile and from time to time paid interest to August 28, 1953. On or about October 20, 1953, Mrs. Huddleston's attorney, Mr. Howard, wrote to Judge Glover at Route 6, Box 140 A, Montgomery, Alabama, that she was no longer able to extend the payment date, and that he should pay the entire amount of the principal and interest then. Mr. Howard sent other letters regarding this loan to Judge Glover at this Montgomery address. On May 14, 1954, Mr. Howard filed in the Montgomery Circuit Court a complaint on said note for the entire principal, together with interest from August 28, 1953, and for $100 as a reasonable attorney's fee. This complaint was served on Judge Glover by the sheriff of Montgomery County on May 19, 1954. On the 18th day of June, 1954, Judge Glover filed a sworn plea in abatement setting up that he was not a resident of Montgomery County at that time or at the time of the bringing of the suit. Whereupon, the plaintiff dismissed the action in Montgomery County and brought the complaint in Elmore County, which county Judge Glover said in his plea was the county of his residence. This second action, out of which came the instant judgment, was brought on September 17, 1954, the day after judgment of dismissal in the Montgomery County action. We need mention but three of the many pleadings: the complaint, the plea of general issue, and the plea of payment.

■ On September 7, 1954, Judge Glover had sent Mrs. Huddleston two cashier's checks on the Union Bank and Trust Company of Montgomery in the aggregate of $479. Mrs. Huddleston did not cash them, apparently being in doubt as to whether or not taking the checks would have been a waiver of her claim for an attorney's fee. The defendant, in his pleadings, made much of her failure to cash these checks. To us his plea of payment was a disclaimer by him of any property in these checks. Since the note called for money, the payee could insist on strict performance by way of cash rather than mere choses in action. First National Bank of Birmingham v. Nagel, 227 Ala. 389, 150 So. 354.

■ The appellant's relevant assignments of error insisted upon in brief are confined to the propriety and size of the amount awarded by the jury as an attorney's fee in favor of Mrs. Huddleston, viz., $100. Assignments of error 23–27, inclusive, go to the trial judge's admitting into evidence certified copies of the pleadings in the Montgomery County action. We consider these documents admissible, first to show that Mrs. Huddleston had employed

an attorney for the purpose of collecting and bringing suit on a note, and also as to the extent of the professional services involved. There was evidence, some of it adduced by the defendant, that the residence (if not the domicile) of Judge Glover was in Montgomery County at the time of the bringing of the first suit. Accordingly, the good faith of the plaintiff in bringing the suit in Montgomery County was a relevant inquiry, and there was no error in admitting the pleadings from the circuit court of that county. Thus, in Alabama City, G. & A. Ry. Co. v. Kyle, 204 Ala. 597, 87 So. 191, where it was contended that the plaintiff holding a note with a stipulation for an attorney's fee should not collect under that stipulation in a suit wherein the judgment (on former appeal) was held erroneous, the Supreme Court noted that the error was not with respect to a substantive right, but was merely a procedural one as to enforcement; and, consequently, it was within the control of the defendant to have reduced his liability (under the stipulation for an attorney's fee) by ending the litigation at an earlier stage; and, therefore, he could not complain because the fee became higher as a result of litigation protracted at his own insistence.

This, we think, was pertinent here, where Judge Glover complains that (1) the jury has awarded an excessive amount, and (2) the admission of any evidence with respect to the Montgomery County suit was prejudicial error. Venue can be waived by a party, so that had Judge Glover wished for an earlier and speedier determination of the attorney's fee question, he could have had it in the Circuit Court of Montgomery County, thereby reducing the amount of effort to which Mrs. Huddleston's attorney was put. Most certainly we cannot say, as a matter of law, that this fee was excessive. We do not have before us the question of what further fee may have accrued on account of this appeal.

We have not considered assignments touching alleged errors which became moot by operation of Judge Glover's disclaimer (both in pleading and testimony) as to the ownership of the money evidenced by the certified checks, nor as to the sustaining of plaintiff's demurrer to a plea of set-off and recoupment, and the charging out by the trial judge of certain pleas to which the defendant brought no supporting evidence.

The appellee has made a motion to strike appellant's brief for failure to comply with Supreme Court Rules 1, 9, and 11, Code 1940, Tit. 7 Appendix, and that the cause be affirmed. He points out that (1) the appellant's brief did not contain an adequate certificate, in that it omitted a date of delivery or mailing to the appellee, (2) the brief contains no propositions of law, argument of errors assigned, and an insufficient statement of facts, and (3) in addition to violating the above numbered rules, it further violates Rule 12, in that the amendment to the appellant's original brief is not provided for.

We deem it unnecessary to rule on this motion, which, certainly as to the omission of propositions of law, does point out a defect of both of appellant's briefs. However, rather than dismiss the appeal on procedural grounds without considering the merits, except parenthetically, we have chosen to consider the merits as presented in the pertinent assignments of error argued in the appellant's brief in deference to his earnestness in insisting he did not obtain a fair trial below.

With this latter insistence we cannot agree, and consider that the judgment is due to be affirmed.

Affirmed.